No. 89-450

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

MARK E. BROWN,

     Defendant and Appellant.

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Vincent J. Kozakiewicz, Kozakiewicz Law Office,
Dillon, Montana

     For Respondent:

          Hon. Marc Racicot, Attorney General, Helena, Montana
George Schunk, Assistant Attorney General, Helena,
Montana
Thomas R. Scott, Beaverhead County Attorney, Dillon,
Montana

Submitted on Briefs:  February 1, 1990

Decided:  May 15, 1990

Filed:

Justice Diane G. Barz delivered the Opinion of the Court.

Mark E. Brown, defendant, was charged by information with felony assault, driving while under the influence, and driving while license suspended or revoked in violation of §§ 45-5-202(2)(c), 61-8-401(1)(a) and 61-5-212(1), MCA, respectively. A jury found defendant guilty on all counts on March 17, 1989. Defendant appeals the decision by the District Court of the Fifth Judicial District, Beaverhead County, allowing the introduction of evidence of other crimes, wrongs or acts. We reverse the District Court and remand for a new trial.

On October 21, 1988, the defendant was released from the Beaverhead County Jail at approximately 9:00 a.m. Defendant proceeded to the Dillon Hotel and Bar, the Lobby Bar, and a local area inhabited by transient individuals known as the "cabbage patch." At the cabbage patch, defendant made arrangements to purchase a blue 1963 Mercury Comet. Defendant's driver's license was suspended or revoked at that time.

At approximately 1:00 p.m. on the same day, Terry Ersland was stopped at a downtown intersection when she noticed defendant honking his car horn behind her. Ersland was accompanied by two friends. All three individuals testified at the trial that defendant repeatedly honked his horn and then either "rammed" or "bumped" their vehicle several times from behind. Defendant then veered around them and proceeded at a high rate of speed down a city street. During this time, defendant, in his own words, "was

2

a little bit more than intoxicated." Ersland and her friends then proceeded directly to the police station to report the incident.

While Ersland and her friends were at the police station relating the incident, defendant arrived at the police station to pick up his belongings. Ersland and her friends then identified defendant as the driver of the blue car that ran into them at the downtown intersection. Officer Arthur Cranford of the Dillon City Police informed defendant that they had a report of an accident in which he had been the driver. Defendant denied any involvement and later testified at trial that a man named "Ed" drove him to the county jail. When Officer Cranford informed defendant he was under arrest, defendant became belligerent and resisted booking. Defendant's resistance escalated with defendant striking Officer Cranford in the face and attempting to choke the officer. Only after Officer Cranford drew his revolver was defendant controlled.

On November 4, 1988, defendant was charged by information with the offenses of felony assault in violation of § 45-5-202(2)(c), MCA, driving while under the influence, a misdemeanor, in violation of § 61-8-401(1)(a), MCA, and driving while license suspended or revoked, a misdemeanor, in violation of § 61-5-212(1), MCA. A jury trial was held March 16 and 17, 1989. Prior to the trial, on February 24, 1989, the State filed a notice of intent to introduce evidence of other crimes, wrongs or acts. In particular, the State cited the following acts committed by defendant for the purpose of proving motive, intent, preparation, plan, knowledge or common scheme or plan.

3

August 12, 1988:
  Theft, a misdemeanor
  Driving while under the influence, a misdemeanor
  Leaving the scene of an accident, a misdemeanor
  Operating a vehicle without liability insurance,
  a misdemeanor
  Resisting arrest, a misdemeanor

September 5, 1988:
  Disorderly conduct, a misdemeanor
  Resisting arrest, a misdemeanor
  Assault, a misdemeanor

September 6, 1988:
  Assault, a misdemeanor

October 11, 1988:
  Disorderly conduct, a misdemeanor

In the omnibus hearing on pretrial matters, the District Court ruled that it would allow the introduction of evidence of other crimes, acts or wrongs and therefore denied defendant's objection to the introduction of the above-cited acts. During the State's case-in-chief, the evidence of prior crimes was introduced by the State and objected to by defendant. The jury returned a guilty verdict on all counts.

The sole issue raised on appeal is whether the District Court erred in allowing the introduction of evidence of other crimes, wrongs or acts.

Rule 404(b), M.R.Evid., codifies the law regarding the admission of other crimes, wrongs or acts. This rule provides that:

> Character evidence not admissible to prove conduct, exceptions; other crimes; character in issue.
>
> . . .
>
> (b) Other crimes, wrongs, acts. Evidence of

4

other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In this case, the State argues that the other crimes evidence was offered for the purpose of proving defendant's motive and intent with respect to his conduct at issue in the proceedings. After applying the four part test that this Court first recognized in State v. Just (1979), 184 Mont. 262, 602 P.2d 957, we hold that the District Court erred in allowing the introduction of acts committed by defendant between August 11, 1988 and October 12, 1988.

The four substantive factors that the State must demonstrate in order to introduce evidence of other crimes or wrongful acts are that the other crimes or wrongful acts are (1) similar in nature; (2) not remote in time; (3) tend to establish a common scheme, plan or system; and (4) that the probative value of the other crimes or wrongful acts is not substantially outweighed by their prejudice to defendant. State v. Keefe (1988), 232 Mont. 258, 266, 759 P.2d 128, 133; Just, 184 Mont. at 269, 602 P.2d at 961. Applying the facts of the present case to these four factors, we find that the State failed to prove the third and fourth factors.

We agree with the State that under these set of facts, the acts committed by defendant between August 11, 1988 and October 12, 1988 are not remote in time, however, we also determine that the acts do not establish a common scheme, plan or system. While the

5

acts committed between August 11, 1988 and October 12, 1988 may be similar in nature in some respects to defendant's conduct on October 21, 1988, this does not necessarily prove that the acts tend toward establishing a common scheme, plan or system.

In particular, the State introduced evidence of incidents that occurred on August 12, 1988 and September 5 and 6, 1988. On these days, the State introduced evidence that defendant was intoxicated and verbally and physically abusive when police officers attempted to restrain him or arrest him. The State argues that this evidence was admitted to show that defendant "intended to inflict harm upon Officer Cranford, e.g., the assault on the officer was neither a mistake nor accidental." The introduced evidence in this case pertaining to the incidents on August 12 and September 5 and 6, 1988 do not constitute a common scheme, plan or system. On the contrary, the record demonstrates that defendant's acts lacked any common scheme or plan and were instead spontaneous acts dictated by his character and the situation at hand. In addition, the cited acts' probative value does not outweigh the prejudice that flows to defendant under these circumstances.

In light of the facts of this case, we hold that the District Court erred in allowing under Rule 404(b), M.R.Evid., evidence of acts committed by defendant between August 11, 1988 and October 12, 1988. The crimes committed between these dates go towards defendant's character or trait of his character and therefore are not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. Rule 404(a),

6

M.R.Evid.

    Reversed and remanded for a new trial.

_____
                 Justice

We concur:

_____

_____
Justices

Chief Justice J. A. Turnage, dissenting.

I respectfully dissent.

The sole issue on appeal is whether there is error in the introduction of evidence of other crimes, wrongs or acts.

The majority finds error in a failure to satisfy the third requirement of State v. Just (1979), 184 Mont. 262, 602 P.2d 957, in that the acts at issue do not tend toward establishing a common scheme, plan or system.

I believe the record sufficiently satisfies this requirement of Just, the evidence tends to establish a common system or scheme of the defendant. Under Rule 404(b) the evidence does establish the defendant's opportunity, motive and intent. Further, the language of Rule 404(b), M.R.Evid., provides a basis for sustaining the introduction of the evidence at issue. The rule provides that such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

It first should be noted that the evidence relating to the incident of October 11, 1988, was introduced by the defendant on direct examination and not by the prosecution. This incident did not involve a violent act on the part of the defendant.

The other three incidents, August 12, 1988, September 5, 1988, and September 6, 1988, as well as the crime for which the defendant

8

was convicted and now appeals, all involved opportunity, intent, motive or scheme of the defendant to violently attack an arresting officer upon being placed under arrest.

## THE INCIDENT OF AUGUST 12, 1988

At trial, Officer Pallas testified in substance: A citizen called the police department in Dillon and reported that someone had driven a vehicle into a telephone pole. In response, Officer Pallas found the defendant intoxicated in the automobile that defendant had driven into a telephone pole. The car was severely damaged. Defendant was trying to get the car to run so he could proceed on his way. The defendant's face had hit the steering wheel or the windshield and he was bloodied. The officer, being concerned about defendant's physical condition, called for an ambulance. Then the fun began. The defendant, obviously intoxicated, fought with both the officer and the ambulance crew. When the defendant was advised that he was under arrest, he said, "I ain't going nowhere with you, you ------- pigs." The defendant kicked the officer in the chest and fought with the ambulance crew and the officer until they finally transported him to the hospital for examination.

THE INCIDENT OF SEPTEMBER 5 AND 6, 1988

Officer Reeder, Beaverhead County sheriff's department, testified to the following.

At approximately 11:00 p.m. on September 5, 1988, a call came to the sheriff's office from the manager of Kentucky Fried Chicken who reported that a man was sleeping in her vehicle.

When Officer Reeder arrived he found the defendant either asleep or passed out in the manager's vehicle. The officer had difficulty in arousing the defendant. When he did arouse him and identified himself as a sheriff's officer, the defendant told him to "go get ------." The sheriff's deputy had to struggle with the defendant to get him out of the vehicle. When he did get him out and advised him he was under arrest, the defendant struck the officer in the testicles. After more struggling, the defendant was finally subdued. He fought all the way to the jail. At the jail it took four officers to place him in a padded cell where he would presumably not injure himself.

The transcript is full of interesting statements about defendant's profanity and his spitting in the faces of officers.

I believe the record clearly indicates that the evidence of defendant's other prior crimes, wrongs or acts tends to prove the defendant did have opportunity, intent, motive, or common scheme when he was arrested, when he was full of strong drink, to fight and resist the arresting officers right to the jail or hospital.

I believe Rule 404(b), M.R.Evid. and the Just standards have been met. In this case the defendant was convicted of assaulting a law enforcement officer. The evidence introduced by the prosecution in three of the above incidents clearly established that the defendant used the opportunity of arrest to assault the law enforcement officer or officers involved. The evidence of defendant's conduct was probative and did establish opportunity, intent, motive or common scheme.

It would be a different matter if the evidence was introduced to only prove that in defendant's character there abides dislike of law enforcement officers. Such is not the facts in this case where such dislike escalates into violent assault.

I would affirm.

J. A. Turnage
Chief Justice

11