**Dewey Edward WICKIZER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 75A03–9212–CR–410.

Court of Appeals of Indiana, Third District.

Aug. 30, 1993.

Stephen Bower, Cohen and Thiros, Merrillville, for appellant-defendant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Dewey Edward Wickizer appeals his convictions for three counts of child molesting, all Class D felonies.

In March 1992, Wickizer was charged *inter alia* with molesting T.H. on three occasions. The charges were amended in August 1992. Prior to the August 1992 jury trial, Wickizer filed a motion in limine requesting the exclusion of testimony regarding previous uncharged acts of molestation. The motion was denied. Wickizer was convicted of the charges, and this appeal ensued.

---

As restated, Wickizer raises two issues for review:

(1) whether the trial court erred in allowing the testimony of J.M. and T.R. of prior uncharged acts under the depraved sexual instinct exception; and

(2) whether the evidence was sufficient to sustain the convictions absent such evidence.

Wickizer contends that under *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, and its progeny, his convictions require reversal based upon the admission of evidence of prior sexual misconduct. In *Lannan*, our supreme court abandoned the depraved sexual instinct exception to the general rule of inadmissibility of prior bad acts and adopted Federal Rule of Evidence 404(b). *Id.* at 1339. The court made clear that evidence of prior sexual misconduct would remain admissible, pursuant to Fed.R.Evid. 404(b). *Id.* The court explained:

"We hasten to add that abandoning the depraved sexual instinct exception does not mean evidence of prior sexual misconduct will never be admitted in sex crimes prosecutions. It means only that such evidence will no longer be admitted to show action in conformity with a particular character trait. It will continue to be admitted, however, for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. 'That is, such evidence may be admissible *despite its tendency to show bad character or criminal propensity*, if it makes the existence of an element of the crime charged more probable than it would be without such evidence.' *Bedgood v. State* (1985), Ind., 477 N.E.2d 869, 872–73." (Emphasis added in *Lannan*.)

*Id.*

Wickizer admitted touching T.H.'s penis but insisted that his intention was not sexual gratification. Instead, Wickizer claimed that he was merely demonstrating how to best conceal an erection. The evidence that Wickizer had touched others while they were children was admissible under Fed.R.Evid. 404(b) to demonstrate Wickizer's intent and the lack of mistake.

Also, at trial, Wickizer admitted that he had touched the genitals of T.R. on occasions. Wickizer claimed that T.R. was bothered by a mole in one instance, "jock rash" another, and different sized testicles on yet another occasion. Central to Wickizer's theme was that the touchings were not motivated by sexual desires but instead by his desire to assist the young men.

The abandonment of the depraved sexual instinct rule does not require a finding that the testimony of J.M. and T.R. was inadmissible. Because intent was the contested element in the present case, the testimony was admissible under the newly adopted Fed.R.Evid. 404(b).

Because of our resolution of the first issue, Wickizer's second issue need not be addressed. However, even without the evidence of J.M. and T.R. as to Wickizer's intent, T.H. testified that Wickizer appeared to enjoy the touchings. T.H. stated that during the touchings Wickizer's eyes widened and he smiled more than usual. T.H.'s testimony was sufficient to refute Wickizer's contention that the touchings were not sexually oriented.

There being no finding of error, the convictions are affirmed.

Affirmed.

GARRARD and RUCKER, JJ., concur.