Dewey Edward WICKIZER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 75S03–9312–CR–1432.

Supreme Court of Indiana.

Dec. 27, 1993.

Stephen Bower, Cohen and Thiros, Merrillville, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice.

Appellant–Defendant Dewey Edward Wickizer was convicted of three class D felony counts of child molestation. The Court of Appeals affirmed. *Wickizer v. State* (1993), Ind.App., 619 N.E.2d 947. We grant transfer to address questions regarding the admissibility of prior conduct evidence under the "intent" exception of Federal Rule of Evidence 404(b), substantially adopted now as Indiana Rule of Evidence 404(b).[1]

The defendant was charged in an amended information with touching a 14–year–old male on three occasions with intent to arouse the defendant's sexual desires. At trial, over defense objection, the State presented evidence of the defendant's prior sexual conduct with other male youths. One witness testified as to his sexual experiences with the defendant over a two-year period beginning approximately eight years earlier when the witness was 11 years of age. A second witness described his three-and-one-half-year sexual relationship with the defendant beginning approximately 18 years earlier when this witness was 13 years of age. The trial court ruled such

testimony admissible as evidence of the defendant's depraved sexual instinct.

On appeal, the defendant presents two issues. He argues that it was reversible error for the trial court to have admitted testimony of his alleged prior conduct as evidence of his depraved sexual instinct. He also contends that, absent the testimony of his prior sexual conduct, the evidence was insufficient to support his convictions.

At the time this case was tried, in prosecutions for incest, sodomy, criminal deviate conduct, or child molesting, Indiana recognized the admissibility of evidence of certain kinds of prior sexual conduct under a depraved sexual instinct exception to the general rule of inadmissibility of prior bad acts. *See Stewart v. State* (1990), Ind., 555 N.E.2d 121, 124. Under this exception, the trial court in the present case properly admitted the evidence of the defendant's prior sexual conduct. However, two months after this trial, the depraved sexual instinct exception was abandoned, and the admissibility of prior sexual conduct evidence in sex offense cases was required to be treated as all other prior conduct evidence offered to prove a defendant's charged conduct, with Federal Rule of Evidence 404(b) providing the applicable rule. *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. We also held that sex offense cases pending on direct appeal at the time we issued *Lannan* should be subject to this new rule. *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342, *reh'g denied* (1993), 607 N.E.2d 973. The defendant's appeal thus is subject to our *Lannan* holding.

Furthermore, because this Court has since adopted Federal Rule of Evidence 404(b) virtually verbatim as Indiana Rule of Evidence 404(b), resolution of the issue presented today will be determinative in future cases involving Ind.Evid.R. 404(b), which provides:

> Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of

---

**1.** Rule 404(b) was included in the Indiana Rules of Evidence adopted by this Court on August 24, 1993, with an effective date of January 1, 1994.

a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, [opportunity][2] *intent*, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. [Emphasis added.]

The critical issue in this case is whether prior conduct evidence may be introduced under the intent exception to the general inadmissibility of other crimes, wrongs, or acts.

"The use of evidence of other crimes, acts and conduct ... to prove matters other than general character has always been problematic for the courts." Gregory Joseph et al., *Evidence in America* § 14.3 at 6 (1992). *Lannan*, for example, recognized that fundamental to our system of jurisprudence is the notion that the State, relying upon evidence of uncharged misconduct, may not punish a person for his character. *Lannan*, 600 N.E.2d at 1338, *citing Penley v. State* (1987), Ind., 506 N.E.2d 806, 808. Admission of prior uncharged misconduct infers that the defendant is of bad character and poses the danger that the jury will convict solely upon this inference. *Id.* Similarly, authoritative commentators have noted that the admission of uncharged misconduct may weigh heavily against a defendant, even becoming a dispositive factor in conviction. *See* Edward J. Imwinkelried, *Uncharged Misconduct Evidence* § 1:02 at 4 (1984–1991). However, because the mental state or culpability of a defendant is an element to be proven by the prosecution in virtually every criminal case, *see State v. Keihn* (1989), Ind., 542 N.E.2d 963, properly introduced evidence of intent typically is found to be relevant and of probative value and thus is admissible at trial. *See* Robert

Miller, *Indiana Practice*, Vol. 12 at 266 (1984). Many criminal offenses are defined by statute to include a specific particularized culpability as one of the required elements of proof. In the present case the charged offense includes the element "with intent to arouse or to satisfy the sexual desires of either the child or the older person." Ind.Code § 35–42–4–3(d).

Notwithstanding the need to allow proper evidence of an accused's intent at the time of the charged offense, the use of prior conduct evidence for this purpose introduces the substantial risk of conviction based predominantly on bad character. Applying a broad construction to the intent exception of Rule 404(b), the admissibility of prior conduct evidence could improperly create the " 'forbidden inference'—that the defendant acted badly in the past, and that the defendant's present, charged actions conform with those past bad acts...." *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 129. This would cause the intent exception of Rule 404(b) to overwhelm the rule's primary objective of prohibiting evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith."

The Advisory Committee's Original Note to Fed.R.Evid. 404(b) observes that, as to situations where prior conduct evidence is offered for a purpose other than proving character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it, "[n]o mechanical solution is offered." Jack B. Weinstein and Margaret Berger, *Weinstein's Evidence* § 404 at 12 (1993).

Accordingly, other jurisdictions construing Fed.R.Evid. 404(b) are divided in opinion, often influenced by specific factual circumstances, as to the admissibility of prior conduct to support the intent exception to the general prohibition of the admission of other crimes, wrongs, or acts as reflective of character. Exemplifying cases which hold that such evidence is admissible under Rule 404(b) to show intent, the Eighth Cir-

---

**2.** In adopting Fed.R.Evid. 404(b), Indiana omitted the word "opportunity." This is the only difference between the federal rule and the Indiana rule.

cuit permitted testimony regarding a defendant's prior cocaine dealings to prove that the defendant acted knowingly and intentionally with respect to the charged crime. *U.S. v. Santana* (8th Cir.1989), 877 F.2d 709. Wyoming affirmed the admissibility of evidence that a victim's mother had previously abused the victim's sister as proof of the defendant's intent for purposes of the child abuse statute. *Longfellow v. State* (1990), Wyo., 803 P.2d 848. The New Hampshire Supreme Court allowed character evidence that a defendant was predisposed to violent behavior when intoxicated to prove intent in a prosecution for murders allegedly committed while the defendant was intoxicated. *State v. Sullivan* (1988), 131 N.H. 209, 551 A.2d 519. Vermont held that evidence of a defendant's alleged sexual assaults against the victim's brother was admissible as tending to show intent and plan to continue a course of conduct. *State v. Parker* (1988), 149 Vt. 393, 545 A.2d 512. North Carolina permitted evidence of a defendant's escape from jail, assault on a jailer, and theft of a truck and rifle to establish intent and motive in a murder prosecution. *State v. Bray* (1988), 321 N.C. 663, 365 S.E.2d 571. Georgia's Supreme Court ruled that evidence of a murder defendant's history of wife-beating was admissible to show intent in striking his spouse on the day on which injuries were inflicted that caused her death. *Rainwater v. State* (1986), 256 Ga. 271, 347 S.E.2d 586.

Conversely, other decisions have found evidence of prior conduct inadmissible under Rule 404(b) to prove intent. Montana ruled that other offenses committed by a defendant within the preceding year were inadmissible to prove the defendant's motive and intent to inflict harm upon a police officer during a booking process. *State v. Brown* (1990), 242 Mont. 506, 791 P.2d 1384. Oregon determined that because the similarities between a defendant's prior kidnapping and rape and the charged crime of rape and murder did not outweigh their differences, the prior crime evidence was not admissible. *State v. Pratt* (1990), 309 Or. 205, 785 P.2d 350, *cert. denied* (1993), — U.S. ——, 114 S.Ct. 452, 126

L.Ed.2d 384. Mississippi held that evidence of abusive acts perpetrated by a defendant-mother between 15 months and eight years prior to the mother's alleged murder of her daughter was not properly admissible. *Houston v. State* (1988), Miss., 531 So.2d 598. The Supreme Court of Wisconsin found inadmissible evidence of a defendant's prior thefts to show the defendant's intent in a prosecution for misdemeanor vehicle theft. *State v. Evers* (1987), 139 Wis.2d 424, 407 N.W.2d 256. In a prosecution for conspiracy to distribute cocaine, intentional distribution of cocaine, and possession of cocaine with intent to distribute, the Seventh Circuit found inadmissible as other crimes evidence that marijuana cigarette butts were found in the defendant's vehicle and that the defendant on prior occasions had a long "pinky" fingernail common among cocaine users and traffickers. *U.S. v. Monzon* (7th Cir.1989), 869 F.2d 338, *cert. denied* (1989), 490 U.S. 1075, 109 S.Ct. 2087, 104 L.Ed.2d 650. The First Circuit held that a 1974 conviction for possession of marijuana with intent to distribute should not have been admitted into evidence in a 1985 prosecution for defendant's participation in a 1980–81 drug smuggling conspiracy. *U.S. v. Lynn* (1st Cir.1988), 856 F.2d 430.

Courts have held it necessary that "willfulness and intent be more than merely formal issues" and that "a plea of not guilty cannot, by itself, be construed as raising such a keen dispute on the issue of willfulness and intent so as to justify admission of this type of evidence." *U.S. v. Fierson* (7th Cir.1969), 419 F.2d 1020, 1023; *see also Jefferson v. U.S.* (D.C.1991), 587 A.2d 1075; *Murphy v. U.S.* (D.C.1990), 572 A.2d 435. It generally has been held that "the admission of prior bad acts evidence under Rule 404(b) requires that the evidence be relevant to a material issue other than character...." *U.S. v. Kandiel* (8th Cir.1989), 865 F.2d 967, 972–73. The admissibility of prior bad act evidence is often contingent upon the relative importance of the issue of intent. The applicable standard has been variously set forth: "the very element at issue," *U.S. v. West* (11th

Cir.1990), 898 F.2d 1493, 1499, *cert. denied* (1991), 498 U.S. 1030, 111 S.Ct. 685, 112 L.Ed.2d 676; "a contested issue," *U.S. v. Cardenas* (11th Cir.1990), 895 F.2d 1338, 1342; "an essential and material element to be proven," *U.S. v. Harrod* (7th Cir.1988), 856 F.2d 996, 1000; "a meaningful controverted issue," *Thompson v. U.S.* (D.C. 1988), 546 A.2d 414, 423; "clearly at issue," *U.S. v. Caputo* (2d Cir.1987), 808 F.2d 963, 968; "a key issue," *U.S. v. Beahm* (4th Cir.1981), 664 F.2d 414, 417; "a critical and seriously contested issue," *U.S. v. Lavelle* (D.C.Cir.1985), 751 F.2d 1266, 1277, *cert. denied,* (1985), 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51; "squarely posed," *U.S. v. Mergist* (5th Cir.1984), 738 F.2d 645, 650.

In the present case, our Court of Appeals similarly found it significant that the defendant admitted touching the victim's penis but insisted that his intention was not sexual gratification. The court further noted that the defendant also admitted touching the genitals of another youth on prior occasions but likewise claimed that the prior touchings "were not motivated by sexual desires but instead by his desire to assist the young men." *Wickizer,* 619 N.E.2d at 948. The court concluded that the testimony was admissible "[b]ecause intent was the contested element in the present case." *Id.*

■ Mindful of the variety of judicial perspectives regarding the proper role of prior conduct evidence in the ascertainment of truth, we conclude that Indiana is best served by a narrow construction of the intent exception in Evid.R. 404(b). It does not authorize the general use of prior conduct evidence as proof of the general or specific intent element in criminal offenses. To allow the introduction of prior conduct evidence upon this basis would be to permit the intent exception to routinely overcome the rule's otherwise emphatic prohibition against the admissibility of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith. In this context, admission of prior bad acts would frequently produce the "forbidden inference" cautioned against in *Hardin,* 611 N.E.2d at 129.

■ The intent exception in Evid.R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. When a defendant alleges in trial a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense. The trial court must then determine whether to admit or exclude such evidence depending upon whether "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403.

■ In the present case, the State before trial proposed witnesses for the purpose of providing testimony to show the defendant's prior sexual misconduct. The defendant filed a Motion in Limine, denied by the trial court, to exclude such testimony. In its opening statement at trial, the State informed the jury "we have what is called the depraved sexual instinct exception in criminal law and we have two witnesses who are going to testify to ... sexual touches which they encountered from Dewey Wickizer when they were under the age of 16." Record at 170. During the State's case-in-chief, the two witnesses testified as to the defendant's prior sexual misconduct with them. Defense counsel timely and adequately objected to the questioning of both of these witnesses. The trial court overruled both defense counsel objections and immediately explained its rulings to the jury.[3] There was no contemporaneous

---

**3.** In overruling defense counsel objection to the first witness, the trial court instructed the jury, in relevant part:

In Indiana the general rule is that evidence of prior criminal acts is not admissible evidence. An exception to that general rule is that such conduct may be admitted to show

defense objection to either of these trial court instructions to the jury. Thereafter, during the defendant's case-in-chief, the defendant testified, admitting that he touched the victim's penis but asserting that his purpose was to alleviate the victim's embarrassment at having spontaneous erections, Record at 623, to assist the victim in concealing an erection, Record at 626, and to provide instruction as to the proper positioning of testicles to "make sure they are always this way." Record at 643. Among its final instructions, the trial court advised the jury, over defense objection, that the testimony of the defendant's prior sexual misconduct was "received solely on the issue of the defendant's depraved sexual instinct."

We first observe that the defendant's objections to the prior conduct testimony of the State's witnesses at trial were sufficient to preserve the issue subsequently addressed in *Lannan*. Defense counsel made contemporaneous objections to the State's two offers of prior conduct testimony. On each occasion counsel reasserted the objection to the admission of prior conduct testimony as impermissibly allowing evidence of prior bad acts and referred to the prior arguments by defense counsel in support of his Motion in Limine. During the hearing on the Motion in Limine to prohibit prior conduct testimony, defense counsel had questioned the wisdom of the depraved sexual instinct rule and argued that it should not apply to permit the prior conduct evidence in this case. Record at 153–55, 156, and 163–64. Defense counsel's objections at trial were sufficient, under *Lannan* and *Pirnat*, to preserve for appeal his assertion of error in the admission of prior conduct evidence.

Because, as discussed above, the "intent" exception in our Evid.R. 404(b) applies

the depraved sexual instinct of the defendant. This testimony is being admitted into evidence only for that limited purpose and for no other.
Record at 506–07.
 In overruling defense counsel objection to the second witness, the trial court instructed the jury, in relevant part:
 The State of Indiana proposes to introduce evidence of prior sexual conduct of the defen-

when the defendant presents a claim of particularly contrary intent, the determinative factor in the present case is whether the prior conduct evidence was admitted before the defendant presented any such claim. The State's case-in-chief included evidence that the defendant, in response to police questions as to whether he touched the victim's penis, responded that he was not a "devious character." Record at 203–04. This statement does not constitute an assertion of particular contrary intent so as to permit the State to utilize the intent exception of Evid.R. 404(b) to present prior conduct testimony. We also note that the State's proffer of prior conduct testimony was not accompanied by any reliable assurance that the State would subsequently connect it up with other evidence demonstrating that the defendant was affirmatively contesting the issue of intent. The admission of prior conduct evidence under the facts of this case was error.

■ Although we find the admission of the prior conduct evidence to have been error, not all trial errors compel reversal. No error in the admission of evidence is ground for setting aside a conviction unless such erroneous admission appears inconsistent with substantial justice or affects the substantial rights of the parties. Ind.Trial Rule 61. The improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Jaske v. State* (1989), Ind., 539 N.E.2d 14, 22. To decide if the erroneous admission of prejudicial evidence of extrinsic offenses is harmless, we therefore evaluate whether the jury's verdict was substantially swayed. *Hardin*, 611 N.E.2d at 132.

dant. The defendant has objected to this testimony in advance. In Indiana the general rule is that evidence of prior criminal acts is not admissible evidence. An exception to that general rule is that such conduct may be admitted to show the depraved sexual instinct of the defendant. This testimony is being admitted into evidence only for that limited purpose and for no other.
Record at 544.

In the present case, other than the prior conduct testimony of the State's witnesses, independent proof of the defendant's intent consisted only of the testimony of the victim and the defendant. The State stressed the defendant's prior acts in its opening statement, in its presentation of prior conduct evidence, and by re-emphasis during its closing argument. The morally repugnant nature of the alleged prior sexual misconduct of the defendant, as well as its pattern, frequency, and duration over many years, thus received major emphasis. Under these circumstances, we are unable to conclude that the jury verdict was not substantially swayed or that there was no substantial likelihood that the prior conduct testimony contributed to the conviction. Admission of prior conduct testimony was not harmless error. The conviction therefore must be reversed.

 We further address the issue of sufficiency of evidence raised by the appellant, in order to determine whether he may be subjected to a new trial.[4] In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing the evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, 1264, *cert. denied* (1980), 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Applying this standard, we find that the defendant's convictions were supported by sufficient evidence. The victim, age 15 at the time of trial, provided descriptive testimony as to the nature and circumstances of defendant's touchings of the victim's genitals and as to the defendant's appearance and reactions during the incidents. This cause can be remanded for retrial without violating the Double Jeopardy Clause.

4. Although not necessary in the present case, this determination ordinarily includes consideration of the evidence found to have been erroneously admitted, contrary to the assertion of the defendant. *Bowman v. State* (1991), Ind., 577

We grant transfer, vacate the Court of Appeals decision, reverse the judgment of the trial court, and remand for a new trial.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents with separate opinion.

SULLIVAN, J., dissenting without separate opinion, would deny transfer.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I believe the majority opinion extends the rule laid down in *Lannan v. State* (1992), Ind., 600 N.E.2d 1334.

In the Court of Appeals opinion in this case, reported at 619 N.E.2d 947, the Court of Appeals set out a quotation from *Lannan* wherein this Court stated that its ruling in *Lannan* was not intended to prevent evidence of prior conduct which would show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." *Id.* at 948.

Because the trial court stated that it was admitting the evidence in the case at bar under the depraved sexual instinct rule, which the majority acknowledges was in force at that time, the majority decides the case as though that were the only valid reason for the admission of the evidence. The majority in this case broadens the rule to prohibit the evidence although the precise statements in *Lannan* would have admitted it.

The case at bar is a clear demonstration of the tactics used by good defense counsel in a case of this type. First, counsel seeks to keep from the jury any past conduct of his client. Secondly, if he succeeds in so doing, he may then proceed to extensively cross-examine the child victim who, of course, is unsophisticated in matters of human sexual conduct and is no match for a skilled cross-examiner.

N.E.2d 569, 571, *citing Lockhart v. Nelson* (1988), 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265; *Miller v. State* (1991), Ind., 575 N.E.2d 272; *Williams v. State* (1989), Ind., 544 N.E.2d 161.

Given this performance alone, it is not too difficult for the skilled defense lawyer to establish reasonable doubt in the minds of the jurors. If he has been successful in excluding any evidence of his client's past conduct, he may present his client to the jury as a person of impeccable morals who has been falsely accused by an uninformed or possibly neurotic child who totally misconstrued his client's good intentions.

I believe the Court of Appeals correctly evaluated this case in view of our holding in *Lannan* and correctly affirmed the trial court. I would deny transfer in this case.