WIGGINS, Justice
(dissenting).
This is another example of our court overreaching to conclude other acts evidence is admissible under Iowa Rule of Evidence 5.404(6). See, e.g., State v. Rodriquez, 636 N.W.2d 234, 248-55 (Iowa 2001) (Lavorato, C.J., dissenting); State v. Plaster, 424 N.W.2d 226, 233-35 (Iowa 1988) (Schultz, J., dissenting).
*154 I would find the alleged other acts of domestic violence were not admissible for two reasons. First, the alleged other acts of domestic violence were not probative of any issue in this case because the defendant claimed self-defense and did not dispute that he had the requisite intent to be convicted of the charged crimes. Second, the danger of unfair prejudice associated with the admission of evidence regarding the alleged other acts of domestic violence substantially outweighs its probative value.
The majority adopts the approach to other acts evidence articulated by the Indiana Supreme Court in Wickizer v. State, 626 N.E.2d 795, 799 (Ind.1993). In that case, the court concluded evidence of other acts may be admissible when a defendant denies culpability and affirmatively claims a particular intent contrary to that asserted by the state. See id. I disagree with the majority’s adoption of this approach. But even assuming this test determines the admissibility of evidence of other acts, I disagree with the majority’s application of it to conclude other acts evidence was admissible under the facts of this case.
As the majority notes, my special concurrence in State v. Reynolds set forth my analysis concerning the admissibility of other acts evidence when a defendant raises self-defense in an assault case. 765 N.W.2d 283, 295 (Iowa 2009) (Wiggins, J., specially concurring). In plain English, when the defendant raises self-defense in an assault case, the defendant’s intent is no longer in dispute. Rather,
the State must prove beyond a reasonable doubt any of the following to defeat the claim of self-defense: (1) the defendant initiated or continued the incident resulting in injury; (2) the defendant did not believe he was in imminent danger of death or injury and that the use of force was not necessary to save him; (3) the defendant did not have reasonable grounds for the belief he was in imminent danger of injury or death and that the use of force was not necessary to save him; or (4) the defendant used unreasonable force.

Id.

At trial, Richards did not deny culpability for his actions. Instead, he relied solely on his claim that his acts were justified in self-defense. In a very short final argument, his counsel framed the decision confronting the jury as follows:
You’re gonna have to make a decision during your deliberations as to which of these two versions you think is more likely, but bear in mind that the burden of proof is on the State to prove its allegations by proof beyond a reasonable doubt.
[[Image here]]
,, I suggest to you that all the evidence indicates that he only did what was necessary to protect himself and nothing more beyond that.
If that is true, then he is not guilty of domestic assault resulting in bodily injury or any of the lesser-included offenses.
Thus, Richards’s counsel expressly acknowledged the jurors should find him guilty of the crime charged if they did not believe his claim of self-defense.
Richards never claimed he did not assault the victim, and he never claimed he did not have the intent to assault her. Thus, the circumstances of this case are very different from those the Indiana Supreme Court considered in Wickizer. See 626 N.E.2d at 799. In that case, the defendant insisted he did not have the requisite intent to be convicted of the charged crime. Id. In contrast, Richards does not deny he had the requisite intent to be convicted of the charged crimes. Therefore, his alleged other acts of domestic *155 violence were not probative of a legitimate issue in dispute in this case.
Furthermore, even assuming the alleged other acts of domestic violence were probative with respect to a legitimate issue in dispute, the probative value of those acts was substantially outweighed by the danger of unfair prejudice to Richards. “When the probative value of evidence of a defendant’s prior act is substantially outweighed by the danger of unfair prejudice to the defendant, the court must exclude it.” State v. Wilson, 878 N.W.2d 203, 216 (Iowa 2016). As Chief Justice Lavorato once so aptly pointed out,
This balancing test has been described as “the modern bastion of a long standing tradition that protects a criminal defendant from ‘guilt by reputation’ and from ‘unnecessary prejudice.’ ” And “[bjecause the weighing entails competing interests, it is delicate, and must be employed with care lest accommodation to the prosecutor’s needs results in subverting a principle that is central to our concept of fairness.” Otherwise, we' allow the exceptions in rule 404(b) to swallow the important rule.
Rodriquez, 636 N.W.2d at 253 (alteration in original) (citations omitted) (quoting United States v. Cook, 538 F.2d 1000, 1004 (3d Cir.1976)).
WJien a defendant takes the , position that he is guilty unless he acted in .self-defense, the only conceivable purpose for admitting other acts evidence addressing his intent would be to tip the scales unduly against him. Such evidence serves no legitimate purpose and therefore should not be admitted.
Accordingly, I conclude evidence concerning Richards’s alleged other acts of domestic violence should not have been admitted because they were not probative of any legitimate ■ disputed issue in this case and whatever probative value they might have had was substantially outweighed by the danger of unfair prejudice engendered by their admission,
APPEL and ZAGER, JJ., join this dissent.