# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2016, 8:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Juan Reyes,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 31, 2016<br><br>Court of Appeals Case No.<br>49A02-1604-CR-795<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Sheila A. Carlisle, Judge<br><br>The Honorable Stanley Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-1410-FA-48641 |

**Najam, Judge.**

## Statement of the Case

Juan Reyes appeals his convictions for two counts of child molesting, as Class A felonies, following a jury trial. Reyes presents a single issue for our review, namely, whether the trial court committed fundamental error when it permitted State's witnesses to present certain testimony. We affirm.

## Facts and Procedural History

In approximately 2010, Reyes' children became friends with K.W. and A.W., two minor children of neighbors in Reyes' apartment complex. K.W. and A.W. often visited with Reyes' children and spent the night at Reyes' apartment. In approximately 2012 or 2013, when K.W. was in the second or third grade, Reyes "started touching [her] vagina" on occasion, and he repeatedly molested K.W. over the course of "[a] few years." Tr. at 156. Reyes touched both the "inside and the outside" of K.W.'s vagina with his finger during the molestations. *Id.* at 157.

Finally, in October 2014, K.W. told her mother, C.C., about the molestations. C.C. asked A.W. whether Reyes had molested her, too. A.W. initially responded in the negative, but a short time later A.W. told C.C. that Reyes had molested her. C.C. and her husband contacted the children's father, Ar.W., and he came to the apartment. Then the three of them contacted the police that same night. During the ensuing investigation, Jill Carr, a child forensic interviewer with Legacy House, interviewed K.W. and A.W., who both told

Carr that Reyes had "touched" them and that it had been going on for "quite some time." *Id.* at 227-28.

[4] The State charged Reyes with eight counts of child molesting, three as Class A felonies (K.W.), one as a Level 1 felony (K.W.), three as Class C felonies (A.W.), and one as a Level 4 felony (A.W.). At trial, the State dismissed the Level 1 felony count, and the jury found Reyes guilty of the three counts of child molesting, as Class A felonies, but acquitted him of the remaining charges. The trial court entered judgment of conviction for two counts of child molesting, as Class A felonies, and sentenced Reyes to two concurrent thirty-year sentences. This appeal ensued.

## Discussion and Decision

[5] Reyes contends that the trial court committed fundamental error when it permitted testimony by State's witnesses that he alleges constituted inadmissible hearsay. Reyes did not object to the challenged testimony at trial. The fundamental error doctrine is an exception to the general rule that the failure to object at trial constitutes procedural default precluding consideration of the issue on appeal. *Sampson v. State*, 38 N.E.3d 985, 992 (Ind. 2015) (citation omitted). This exception applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Id.* Harm is not shown by the fact that the defendant was ultimately convicted; rather harm is found when error is so prejudicial as to make a fair trial impossible. *Id.*

[6]     Reyes maintains that the following testimony constituted inadmissible hearsay:

> •       On direct examination of Indianapolis Metropolitan Police Department ("IMPD") Officer Noel Gudat, the prosecutor asked him whether, after talking to K.W.'s parents, he had learned "the name of the person who had done this" and his address.  Tr. at 98.  Officer Gudat responded that they had identified Reyes as the suspect and they had disclosed Reyes' home address.

> •       On direct examination of IMPD Detective Gregory Norris, the prosecutor asked him whether, during the course of his investigation, he had "learn[ed] the identity of the person [who] had done these things" to K.W.  *Id.* at 262.  Detective Norris testified that Reyes was identified as the suspect and that Reyes was born in 1982.

> •       Carr testified that the nature of K.W.'s allegations was "being touched" and that "this had been going on for quite some time[.]"  *Id.* at 227-28.

[7]     We need not decide whether that testimony constituted inadmissible hearsay because any error in its admission was harmless.

> No error in the admission of evidence is ground for setting aside a conviction unless such erroneous admission appears inconsistent with substantial justice or affects the substantial rights of the parties.  The improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction.  To decide if the erroneous admission of prejudicial evidence of extrinsic offenses is harmless, we therefore evaluate whether the jury's verdict was substantially swayed.

*Wickizer v. State*, 626 N.E.2d 795, 800 (Ind. 1993) (citations omitted). In particular, the admission of evidence is harmless and is not grounds for reversal where the evidence is merely cumulative of other evidence properly admitted. *Smart v. State*, 40 N.E.3d 963, 966 (Ind. Ct. App. 2015).

[8] Here, K.W. and A.W. both testified that Reyes, who lived in an apartment near theirs in the same complex, was the man who had molested them, so the officers' testimony regarding his name and address was merely cumulative and did not impact Reyes' substantial rights. And, while Reyes' birthdate was relevant to prove that he was at least twenty-one years of age when the crimes occurred, the State presented evidence that, at the time of trial, Reyes had been married for fourteen years and has four biological children. A reasonable fact-finder could have inferred from that evidence that Reyes was at least twenty-one at the time of the offenses, and, as such, Detective Norris' testimony was cumulative of that evidence. Finally, K.W. and A.W. testified regarding the details of the alleged molestations, including the timeframe. Carr's testimony regarding what K.W. and A.W. had told her during interviews was merely cumulative of their trial testimony.

[9] Reyes has not demonstrated that the trial court committed fundamental error when it permitted the challenged testimony. Indeed, any error in the admission of that testimony was harmless.

[10] Affirmed.

Vaidik, C.J., and Baker, J., concur.