## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 08 2017, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Sturgel, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | February 8, 2017 <br><br> Court of Appeals Case No. 15A01-1607-CR-1509 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Sally McLaughlin, Judge <br><br> Trial Court Cause No. 15D02-1404-FB-24 |

**Bailey, Judge.**

# Case Summary

[1] James Sturgel ("Sturgel") was convicted of one count of Class B felony Child Molesting[1] and one count of Class C felony Child Molesting.[2] Sturgel now appeals, contending that the trial court abused its discretion when it admitted evidence that Sturgel had admitted to molesting a different child. We reverse and remand for a new trial.

# Facts and Procedural History

[2] Six-year-old J.S. was placed into foster care in October 2006. Her foster parent was Deborah Chaney ("Chaney"), and J.S. stayed with Chaney until April 2007. A few years later, in 2011, J.S. told her grandmother that she was molested in foster care, and an investigation ensued. During a forensic interview, J.S. said the molestation occurred on multiple occasions, and indicated that the molestation may have occurred twenty-six times. The investigation led law enforcement to Sturgel, who was related to Chaney.

[3] On April 24, 2014, the State charged Sturgel with four counts of Child Molesting but later reduced the charges to two counts. On April 13, 2016, the State notified Sturgel of its intent to introduce evidence under Indiana Evidence Rule 404(b) regarding, *inter alia*, Sturgel's child molesting conviction involving a

---

[1] Ind. Code § 35-42-4-3(a).

[2] I.C. § 35-42-4-3(b).

different child. Sturgel filed a motion *in limine* seeking to prohibit introduction of such evidence, and the trial court initially granted Sturgel's motion.

[4] A jury trial commenced on April 19, 2016. Throughout the trial, the State sought permission to introduce evidence of Sturgel's conviction but the trial court sustained Sturgel's objections. Late in the trial, however, the trial court permitted testimony regarding Sturgel's admission to molesting a different child in Chaney's care. The trial court allowed the evidence on only the issue of whether Sturgel had the opportunity to molest J.S. The trial court accordingly admonished the jury and gave a limiting instruction.

[5] Sturgel was found guilty as charged, and the trial court later sentenced Sturgel.

[6] This appeal ensued.

# Discussion and Decision

[7] Sturgel argues that the trial court abused its discretion in admitting evidence that he admitted to molesting a child. He urges that admission of the evidence was contrary to Indiana Evidence Rule 404(b) and that, even if admissible, its probative value was substantially outweighed by its prejudicial effect in violation of Indiana Evidence Rule 403.

[8] "In deciding whether to admit or exclude evidence, we trust trial courts to exercise sound discretion, and we will reverse such a decision only if we believe the court abused its discretion, meaning its decision is clearly against the logic and effect of the facts in the record." *Pierce v. State*, 29 N.E.3d 1258, 1264 (Ind.

2015). Indiana Evidence Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Ind. Evidence Rule 404(b)(2). In evaluating the admissibility of 404(b) evidence, "a trial court must '(1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403.'" *Wilson v. State*, 765 N.E.2d 1265, 1270 (Ind. 2002) (quoting *Ortiz v. State*, 716 N.E.2d 345, 350 (Ind. 1999)).

[9] Here, the State sought to introduce evidence of Sturgel's prior child molesting conviction. The trial court was made aware that Sturgel had pleaded guilty to molesting a child in 2008.[3] The molestation apparently occurred while the child was in Chaney's care and while others were in the same household. Throughout the trial, the State made a number of arguments for admission of the evidence. Among them, the State argued that the evidence spoke to Sturgel's opportunity to molest J.S. The State focused on three moments in Chaney's testimony. First, when Sturgel asked Chaney whether she saw him

---

[3] The trial court reviewed certified copies of the judgment of conviction, probable cause affidavit, and other documents relating to Sturgel's 2008 conviction. These documents were identified as Exhibits A(1) and A(2), but they are not in the appellate record.

and J.S. wrestling around, Chaney said that "would have been inappropriate." (Tr. Vol. I at 220.) Second, when the State asked Chaney whether Sturgel could have tickled J.S., Chaney responded, "With three (3) adults sitting in the house?" (Tr. Vol. I at 224.) Last, when the State asked Chaney about her reaction to the instant investigation in 2011, Chaney said she "couldn't believe this was happening." (Tr. Vol. I at 238.)

[10] In ultimately deciding to allow evidence of Sturgel's act on the issue of opportunity, the trial court referred to Chaney's testimony, which the State had characterized as indignant at times. The trial court felt that Chaney's responses left the impression "that [Chaney] is a completely appropriate foster parent." (Tr. Vol. II at 79.) The trial court reasoned that "[t]he evidence presented by the foster parent is there's always other people around . . . so there is still the issue of opportunity, and I think that's what makes this evidence probative." (Tr. Vol. II at 79.) The trial court further explained that the probative value substantially outweighed the danger of unfair prejudice because "it [was] unfair for the jury to make a decision thinking that this could never happen; that it would be shocking in 2011 when it was reported to the foster parent that this happened, when the foster parent was aware [that] the exact type of situation did happen under her care." (Tr. Vol. II at 80-81.)

[11] To address the "prejudicial nature" of the evidence, the trial court said it would "limit how this is presented to the jury" (Tr. Vol. II at 81), and gave an example of the line of questioning it would permit, which the State modeled:

Q:    Ms. Chaney, yesterday you told the jury that in 2011 when the police came to question you that you were shocked . . . [b]y the allegations, isn't that correct?

A:    Yes.

Q:    You also said that you had discussed with Brenda Sturgel that you couldn't believe this was happening, correct?

A:    Yes.

Q:    Yet weren't you aware at the time you were questioned by the police that in 2008[,] [Sturgel] . . . admitted to molesting a five (5) year old under your care at the home of Brenda Sturgel, while others [were] present in your home?

A:    Yes.

(Tr. Vol. II at 84-85.)  Following the admission of the evidence, the trial court informed the jury that the evidence was received solely on the issue of opportunity, and the trial court also later gave a limiting instruction.

[12]  The State argues that Sturgel "opened the door" to the introduction of the evidence.  "[O]therwise inadmissible evidence may become admissible if a party 'opens the door' to questioning on that evidence in order to correct a 'deceptively incomplete disclosure.'"  *Hall v. State*, 36 N.E.3d 459, 471 (Ind. 2015) (quoting *Gilliam v. State*, 270 Ind. 71, 383 N.E.2d 297, 301 (1978)).  The evidence that "opened the door" must leave the trier of fact with a false or misleading impression of the facts related.  *Id.*  Sturgel did state in his opening

argument that the alleged acts "could not have happened" (Tr. Vol. I at 76), noting that he was in Oregon during much of the relevant timeframe and that others were present on the few occasions J.S. and Sturgel were in the same home. Yet, Sturgel's argument and later lines of questioning seemed to focus on challenging J.S.'s credibility as to the number of occasions, in that J.S. had posited that the molestation may have occurred twenty-six times. The State also points out that Sturgel asked Chaney whether Chaney saw him tickle J.S., and Sturgel evidently tickled the other child before molesting her. But we cannot say that Sturgel's question to the State's witness, or Sturgel's other remarks at trial, generated a false or misleading impression of the facts such that would warrant evidence that he admitted to molesting a different child.

[13]  As to admissibility under Rule 404(b), the evidence that Sturgel molested a different child in Chaney's care is at best marginally relevant to the issue of opportunity—Sturgel acknowledged in his opening statement that he and J.S. were in the same household on more than one occasion, and the evidence indicated as much. Nonetheless, as the trial court reasoned, Chaney's responses did suggest that Sturgel would have had a limited opportunity to harm a child in her care because others were present. Even if relevant, however, the evidence's probative value with respect to opportunity must not be substantially outweighed by a danger of unfair prejudice. Evid. R. 403. We review the trial court's Rule 403 balancing under an abuse of discretion standard. *Hicks v. State*, 690 N.E.2d 215, 223 (Ind. 1997).

[14] Here, the trial court seemingly admitted the evidence for two purposes. First, the trial court admitted the evidence because the evidence shed light on whether a child in Chaney's care could have been molested while others were in the home. The trial court also admitted the evidence because it called Chaney's credibility into question, refuting her suggestion that she was an appropriate foster parent and that she was shocked by the investigation. However, evidence that someone—anyone—had molested a child in Chaney's care, with others in the home, would have served both purposes. Yet, the admitted evidence identified Sturgel as the molester and identified the victim as of a similar age to J.S.'s. The evidence went too far. Neither Sturgel's identity nor the victim's age necessarily related to the stated purposes for admission of the evidence. *See Thompson v. State*, 690 N.E.2d 224, 236 (Ind. 1997) ("Unnecessary and inflammatory detail may require reversal."). Moreover, the extraneous information admitted here was plainly prejudicial. Indeed, even if the challenged evidence was relevant and otherwise admissible, the prejudice from the "forbidden inference" *Wickizer v. State*, 626 N.E.2d 795, 797 (Ind. 1993) substantially outweighed its probative value, in relation to the "opportunity to commit the crime" rationale given for its admission.

[15] We conclude that the trial court abused its discretion in admitting evidence that Sturgel admitted to molesting a different child. Nonetheless, the erroneous admission of evidence only warrants reversal for a new trial where the admission affected the substantial rights of the party. Evid. R. 103(a); Ind. Trial Rule 61; *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind. 2002). "In determining

whether the introduction of this evidence warrants reversal, we must assess the probable impact of the evidence upon the jury." *Lannan v. State*, 600 N.E.2d 1334, 1341 (Ind. 1992). "The improper admission is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012).

[16] Here, the only independent evidence of Sturgel's guilt consisted of J.S.'s testimony. Further, shortly after the trial court admitted the challenged evidence, the trial court received a jury question inquiring about Sturgel's arrest history and requesting a copy of his charges. The question was telling; we cannot say the error here was harmless.

# Conclusion

[17] The trial court abused its discretion in admitting evidence that Sturgel had admitted to molesting a child.

[18] Reversed.

Najam, J., and May, J., concur.