ATTORNEY FOR APPELLANT
Mark A. Bates
Crown Point, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Joby D. Jerrells
Deputy Attorneys General
Indianapolis, Indiana

In the
Indiana Supreme Court

FILED

Dec 08 2009, 1:42 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 45S03-0904-CR-182

OTHO L. LAFAYETTE,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Lake Superior Court, No. 45G04-0708-FA-00025
The Honorable Thomas P. Stefaniak, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 45A03-0803-CR-00118

**December 08, 2009**

**Sullivan, Justice.**

Defendant Otho Lafayette was convicted of rape based in part on evidence of a ten-year-old conviction for attempted rape of another woman. Indiana law prohibits the use of evidence of prior crimes "to prove the character of a person in order to show action in conformity therewith" except in certain circumstances. The exceptional circumstance advanced by the State – intent – does not apply in this case. Accordingly, we reverse Defendant's conviction.

**Background**

The facts most favorable to the convictions indicate that in July, 2007, C.E. told the police that Defendant had raped her. Defendant admitted that he and C.E. had had sexual intercourse but claimed that it had been consensual. Prior to trial, the State filed notice that it intended to introduce his 1997 conviction for the attempted rape of another woman as evidence of Defendant's intent to rape C.E. The admissibility of this evidence for this purpose is the central issue in this appeal.

As a general rule, evidence of prior crimes may not be used as evidence "to prove the character of a person in order to show action in conformity therewith." Ind. Evid. R. 404(b). "It may, however, be admissible for other purposes, such as proof of . . . intent[.]" Id. In a lengthy and well-reasoned ruling, the trial court concluded that the evidence of Defendant's prior conviction for attempted rape was admissible to prove intent.

The jury found Defendant guilty of rape and related charges and the court sentenced him to a term of 60 years. Defendant appealed and the Court of Appeals reversed his conviction, finding that the trial court had committed reversible error in admitting the prior conviction evidence. Judge Vaidik dissented. Lafayette v. State, 899 N.E.2d 736 (Ind. Ct. App. 2009). The State sought, and we granted, transfer. Lafayette v. State, 2009 Ind. LEXIS 391 (2009).

**Discussion**

**I**

**A**

To obtain a conviction for rape in this case, the State was required to prove beyond a reasonable doubt that Defendant "knowingly or intentionally [had] sexual intercourse with [C.E.] when [C.E. was] . . . compelled by force or imminent threat of force." Ind. Code § 35-42-4-1(a)(1). Because Defendant acknowledged that he had had sexual intercourse with C.E., neither

2

the fact that he had had intercourse with C.E. nor his intent to do so were at issue. Cf. Ely v. State, 655 N.E.2d 372, 375 (Ind. Ct. App. 1995) (defendant specifically denied intent to rape). Rather, the dispute was over whether C.E. had been "compelled by force or imminent threat of force." See Bryant v. State, 644 N.E.2d 859, 860-61 (Ind. 1994) (once defendant admitted to having sexual intercourse with the victim, defendant's sole argument on appeal was whether the defendant used force or the threat of force).

## B

As mentioned under Background, supra, Indiana Evidence Rule 404(b) provides that evidence of prior crimes may not be used as evidence "to prove the character of a person in order to show action in conformity therewith[]" but "may, however, be admissible . . . as proof of . . . intent." The scope of this intent exception often arises in criminal prosecutions simply because a defendant's intent is likely relevant to the requisite mens rea of the charged crime. Hicks v. State, 690 N.E.2d 215, 222 n.12 (Ind. 1997). Shortly after promulgating Evid. R. 404(b),[1] we examined this subject in an appeal from a conviction for child molesting, Wickizer v. State, 626 N.E.2d 795 (Ind. 1993). Our view was that an expansive reading of the intent exception would be inconsistent to the principal thrust of the rule itself:

> Mindful of the variety of judicial perspectives regarding the proper role of prior conduct evidence in the ascertainment of truth, we conclude that Indiana is best served by a narrow construction of the intent exception in Evid. R. 404(b). It does not authorize the general use of prior conduct evidence as proof of the general or specific intent element in criminal offenses. To allow the introduction of prior conduct evidence upon this basis would be to permit the intent exception to routinely overcome the rule's otherwise emphatic prohibition against the admissibility of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith.

Id. at 799.

---

[1] Indiana Evidence Rule 404(b) was included in the Indiana Rules of Evidence adopted by this Court on August 24, 1993, with an effective date of January 1, 1994.

Consequently, we held that the intent exception is available when a defendant goes beyond merely denying the charged culpability and alleges a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation in defendant's own case-in-chief. Id. The State can respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense. Id. The trial court must then conduct an Evid. R. 403 analysis to determine if the "probative value [of the prior sexual misconduct evidence] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

## C

Although Wickizer was our first discussion of the scope of the intent exception to Evid. R. 404(b), it largely tracked the common law of evidence in this regard that had developed prior to our adoption of the Rules of Evidence. This was particularly so with respect to cases like this one – where defendants had proffered defenses of consent in prosecutions for rape. For example, in Malone v. State, 441 N.E.2d 1339 (Ind. 1982), this Court held that the trial court had committed reversible error when it allowed evidence of another rape allegedly committed by the defendant six weeks after the act for which he was being prosecuted. Writing for a unanimous Court, Justice Pivarnik said:

> To indiscriminately admit proof of criminal activity beyond that specifically charged may compel a defendant to meet accusations without notice and may effectively negate the due process presumption of innocence which our system of justice accords to every accused. Moreover, the admissibility of such evidence may raise collateral issues which confuse the jury or divert its attention from the actual charges before it. The admission of such evidence may also violate our evidentiary rules which forbid the State from attacking an accused's character before the accused has put his character into controversy and from proving an accused's bad character by showing particular bad acts. . . .
>
> . . . Evidence of other criminal activity may be admissible in certain cases to prove an accused's identity, knowledge, intent or motive, or to demonstrate the common plan or scheme of criminal activity from which the accused originated the charged crime. To be admissible according to any one of these exceptions, however, the evidence must possess substantial probative value. The test for ad-

4

mission is whether or not the evidence is so specifically and significantly related to the charged crime in time, place and circumstance as to be logically relevant to one of the particular excepted purposes. . . .

. . . There is no specific exception to the general rule prohibiting evidence of an accused's other criminal activity which makes such evidence admissible to prove a [prosecuting witness]'s lack of consent.

Id. at 1346 (citations omitted). Malone followed Meeks v. State, 249 Ind. 659, 664, 234 N.E.2d 629, 632 (1968), and was, in turn, followed by Jenkins v. State, 474 N.E.2d 84, 88 (Ind. 1985), and Reichard v. State, 510 N.E.2d 163, 165 (Ind. 1987). All of these cases reversed convictions for rape on grounds that the trial court had committed reversible error when it allowed evidence of other alleged rapes to refute defenses of consent.

It is true that for a time, our Court did allow prior crimes to be admitted as evidence of "depraved sexual instinct." See Lannan v. State, 600 N.E.2d 1334 (Ind. 1992) (abolishing the depraved sexual instinct exception). However, the depraved sexual instinct exception was never extended to rape prosecutions. Indeed, Reichard reversed a rape conviction where the trial court had explicitly admitted testimony as to a prior rape as evidence of depraved sexual instinct. 510 N.E.2d at 165.

**D**

Defendant in this case filed a pre-trial motion to prevent the admission of the prior bad acts evidence under the intent exception of Evid. R. 404(b). Rather than rule on the motion, the trial court took the matter under advisement to see if the Defendant would place his intent at issue as the trial progressed. After the completion of voir dire, opening statements, and defense counsel's cross-examination of C.E. about the facts surrounding the alleged rape, the trial court ruled that the Defendant had triggered the admission of the prior sexual misconduct evidence by placing his intent at issue when he attacked the credibility of C.E. on the issue of her consent.[2]

---

[2] The trial court ruled as follows:
> All right, an essential element of the charge of rape is really a lack of consent because if sexual intercourse is consensual, it is not rape. Where the State of Indiana would like to get into 404(b) evidence under the intent exception, it is necessary for the defendant to af-

The trial court then found that the evidence was relevant and probative for the determination of whether the Defendant possessed the requisite intent to rape C.E.[3] The trial court further determined that the probative value of the prior misconduct evidence substantially outweighed any prejudice it may have posed.[4]

This Court appreciates the careful attention given this issue by the trial court and, in particular, its considered ruling which has greatly facilitated appellate review. But we are unable to agree with the trial court's conclusion which we find to be contrary to the requirements of Evid. R. 404(b) as enunciated by Wickizer and presaged by common law precedents.

---

firmatively present a claim of contrary intent. When a defendant merely denies the allegations and does not put forth a particular contrary intent, 404(b) evidence is not admissible. The question before the Court is whether or not the defendant has placed his intent in issue. This Court concludes that the defendant has placed his intent in issue and has gone beyond merely claiming a – beyond merely denying the charges. The comments in questioning during the jury selection and the cross-examination of [C.E.] go beyond merely denying the allegations and are an attempt at discrediting her in such a way that you cannot believe her and since you therefore, cannot believe her, she in fact did consent or if she did not consent, then there is at least reasonable doubt as to whether or not she had consented.

. . . .

That is the tone of the defense. The Court is well aware of the fact that under Wickizer, a narrow construction must in fact be used in the State of Indiana.

(Tr. 264-67.)

[3]On this point, the court ruled:

The next question becomes whether or not this is relevant evidence. Relevance, under 401 is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. In this particular case, "consent". The 404 evidence that the State seeks to get into under the intent exception, clearly would give the jury other evidence to consider on whether or not the defendant formed the requisite intent to have sex with [C.E.] against her will.

Id. at 267.

[4]On this point, the court ruled:

The third prong of the test requires that prior misconduct evidence be such that a reasonable jury could find that the act did occur and that the defendant committed the act. Based on past arguments by the State of Indiana, I conclude that the test has been met and the last prong of the analysis requires the Court to go and make a 403 analysis as to whether or not the evidence['s] probative value is not substantially outweighed by the danger of unfair prejudice. The probative value in this case is whether or not the sex that was had was consensual.

Id.

6

Judge Crone, writing for the Court of Appeals in this case, took the position that a defendant does not put intent at issue at any stage of the proceedings simply by questioning the alleged victim's credibility, Lafayette, 899 N.E.2d at 742-43, and we agree with his conclusion. Although neither we nor the Court of Appeals has previously addressed the precise question of whether challenging the credibility of a prosecuting witness in a rape case on the issue of consent puts defendant's intent at issue, long-standing Indiana precedent discussed supra dictates that a defendant's use of the defense of consent in a rape prosecution is not, standing alone, enough to trigger the availability of the intent exception. When a defendant questions the credibility of the prosecuting witness, we believe that the defendant does no more than advance that consent defense.

Our conclusion that questioning a prosecuting witness's credibility should not open the door to prior misconduct evidence is further supported by three factors. First, if a defendant's intent were placed at issue by the questioning of the prosecuting witness's credibility, then the defendant is effectively precluded from exercising the right to confront a witness's credibility at all. Second, a defendant's ability to question a prosecuting witness in such a circumstance is already limited by Evid. R. 412 which prohibits the defendant from using evidence of the past sexual conduct of the witness. Third, this approach is consistent with Wickizer's mandate that the intent exception be narrowly construed.

Although not cases in which defenses of consent are proffered in response to rape charges, there is authority from other jurisdictions that challenges to a prosecuting witness's credibility do not place a defendant's intent at issue for Evid. R. 404(b) purposes. See Bargas v. State, 252 S.W.3d 876, 890 (Tex. App. 2008) ("A challenge to the complainant's credibility on cross-examination does not automatically open the door to extraneous-offense evidence."); accord State v. McKoy, 347 S.E.2d 374, 379 (N.C. 1986) ("impeach[ing] [the witness's] credibility[] did not 'open the door' to evidence of the defendant's commission of other crimes."). We have found no authority to the contrary and the State cites none for this proposition.

We also agree with Judge Crone that a defendant's assertions that an alleged rape victim consented to sexual intercourse does not present a claim of particular contrary intent for purposes

of triggering the intent exception to Evid. R. 404(b). Defendant here admitted to having sexual intercourse with C.E.; he did not present a claim of particular contrary intent for purposes of Evid. R. 404(b). At this point, the issue became one of C.E.'s intent – whether the Defendant brought her to his apartment without her permission and forced her to have sexual relations against her will – not one of contrary intent on his part. Lafayette, 899 N.E.2d at 742-43.

Finally, we agree with Judge Crone that the prior attempted rape conviction was also not admissible because it was not relevant to prove that C.E. consented to having sexual intercourse with the Defendant. Here, because the Defendant admitted to having sexual intercourse with C.E., the only issue that bore any relation to testimony of the Defendant's prior sexual misconduct was whether C.E. had consented to the intercourse. Such evidence must be relevant to some point at issue, and "with consent being the only element at issue, the [prior attempted] rape was irrelevant." Meeks, 249 Ind. at 664, 234 N.E.2d at 632. See Evid. R. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Evid. R. 402 ("Evidence which is not relevant is not admissible.").[5]

The evidence in this case related to Defendant's prior attempted rape conviction was not admissible.

## II

No error in the admission of evidence is grounds for setting aside a conviction unless such erroneous admission appears inconsistent with substantial justice or affects the substantial

---

[5]At trial and during oral argument, the State argued that the prior sexual misconduct testimony was relevant and admissible as demonstrating Defendant's "modus operandi." The trial court did not discuss "modus operandi" in its ruling. Another exception to the general rule of Evid. R. 404(b), the exception of "identity," incorporates the concept of "modus operandi." The identity "exception's rationale is that the crimes, or means used to commit them, [i.e., their modus operandi,] were so similar and unique that it is highly probable that the same person committed all of them." Allen v. State, 720 N.E.2d 707, 711 (Ind. 1999) (quoting Thompson v. State, 690 N.E.2d 224, 234 (Ind. 1997) (internal quotation marks omitted)). As defendant's identity was not at issue once he admitted that he had engaged in sexual intercourse with C.E., "modus operandi" does not provide a basis for admitting the evidence of his prior conviction for attempted rape.

rights of the parties. Ind. Trial Rule 61. The improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. Wickizer, 626 N.E.2d at 800. To determine whether the erroneous admission of irrelevant and prejudicial evidence of "extrinsic offenses is harmless, we judge whether the jury's verdict was substantially swayed. If the error had substantial influence, or if one is left in grave doubt, the conviction cannot stand." Hardin, 611 N.E.2d at 132 (citations and internal quotation marks omitted).

In the present case, Defendant has shown error in admitting evidence of prior bad acts, specifically the testimony of a woman he was convicted of attempting to rape in 1997. Other than the prior conduct testimony of the State's witness, independent proof of whether the sexual intercourse had been consensual consisted solely of the testimony of the victim. The State emphasized the Defendant's prior conviction in closing argument. The morally repugnant nature of the prior sexual misconduct of the Defendant, as well as the similarities in pattern and methods employed during both the prior misconduct and the rape in the instant case, received emphasis at trial. Under these circumstances, we are unable to conclude that the jury verdict was not substantially swayed or that there was no substantial likelihood that the prior conduct testimony contributed to the conviction. Indeed, on review of the record, one is left with the unmistakable and forbidden impression that because the defendant was convicted of attempted rape in 1997, he must have raped C.E. in 2007. We conclude, as did the Court of Appeals, that admission of the prior conviction evidence was therefore not harmless error and the conviction must be reversed.

### Conclusion

The defendant's conviction is reversed, and this cause is remanded to the trial court for a new trial.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

9