**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID A. SMITH**
McIntyre & Smith
Bedford, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUSSELL A. PROSSER, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 59A01-1107-CR-346 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ORANGE CIRCUIT COURT
The Honorable Larry A. Blanton, Judge
Cause No. 59C01-0910-FA-88

**March 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## STATEMENT OF THE CASE

Russell A. Prosser, Jr., appeals his conviction for Class C felony child molesting. Prosser raises three issues for our review, but we address only the following dispositive issue: whether the trial court abused its discretion when it permitted the State to elicit testimony from the victim's case manager that she had substantiated the victim's claim of molestation. This is the same issue that we recently addressed in *Bradford v. State*, 960 N.E.2d 871 (Ind. Ct. App. 2012). We hold that the admission of this testimony violated Indiana Evidence Rule 704(b) and affected Prosser's substantial rights.

We reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

On October 5, 2009, the State charged Prosser with two counts of child molesting, one as a Class A felony and one as a Class C felony. At his ensuing jury trial, the State called the victim, the victim's parents, and investigating officers to testify. In particular, the State called Ginger Breeden, the case manager assigned to the victim's case by the Indiana Department of Child Services ("DCS").[1] Breeden testified that she had interviewed the victim and the victim's mother. She then stated, over the objection of Prosser's attorney, that the DCS had concluded that the victim's claims against Prosser had been "substantiat[ed]." Tr. p. 171. Breeden further stated that a substantiated claim is one in which "a certain preponderance of evidence . . . support[s] that the allegations are more likely than not to have had occurred[.]" *Id.* at 168. And, in his closing

---

[1] The DCS became involved more than a year after the incident when the victim's counselor relayed to the DCS the victim's comments that she had been molested. Although the victim told her mother about the alleged incident the day after it had occurred, her mother did not inform any authorities. It is not clear from the appellate record whether the State pursued charges against the victim's mother under Indiana Code sections 31-33-5-1 and 31-33-22-1(a).

argument, the prosecuting attorney expressly referred to Breeden's assertion that she had substantiated the victim's allegation. *Id.* at 369.

The jury found Prosser guilty of the Class C felony but not guilty of the Class A felony. The jury also found him to be a habitual offender, and the trial court ordered him to serve an aggregate term of twenty years executed.

Prosser now appeals.

## DISCUSSION AND DECISION

Prosser contends that the trial court abused its discretion when it permitted Breeden to testify, over his objection, that she had substantiated the victim's claim against him. Our standard of review of a trial court's findings as to the admissibility of evidence is an abuse of discretion. *Roush v. State*, 875 N.E.2d 801, 808 (Ind. Ct. App. 2007). A court has abused its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law. *Norris v. Pethe*, 833 N.E.2d 1024, 1029 (Ind. Ct. App. 2005).

"Witnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case; the truth or falsity of allegations; whether a witness has testified truthfully; or legal conclusions." Ind. Evidence Rule 704(b). "Neither an expert nor a lay witness may testify that another witness is telling the truth. The admission of such evidence invades the province of the jury." *Jones v. State*, 581 N.E.2d 1256, 1258 (Ind. Ct. App. 1991), *abrogated on other grounds by Steward v. State*, 652 N.E.2d 490 (Ind. 1995).

Although such "vouching testimony" is generally inadmissible,

> [i]n the context of child molesting . . . our supreme court has recognized that[,] where children are called upon to describe sexual conduct, a special

problem exists in assessing credibility since children often use unusual words to describe sexual organs and their function and since they may be more susceptible to influence. *Stewart* [*v. State*], 555 N.E.2d [121,] 125 [(Ind. 1990)].

*Rose v. State*, 846 N.E.2d 363, 367 (Ind. Ct. App. 2006). Accordingly, testimony is allowed which permits

> some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters. Such opinions . . . facilitate an original credibility assessment of the child by the trier of fact . . . .

*Id.* (quotation omitted). "Thus, adult witnesses are allowed to state an opinion as to the child's general competence and ability to understand the subject, but are prohibited from making direct assertions as to their belief in the child's testimony." *Id.*

In *Jones*, we reversed the defendant's conviction where the State's witness testified that, in her "professional opinion," the victim had been sexually molested. 581 N.E.2d at 1258. We also reversed the defendant's conviction in *Rose*, a post-conviction appeal, where the State's witness "referred to [the victim's] credibility and how convincing her allegations were." 846 N.E.2d at 367. Specifically, we held that "this testimony was highly improper because [it] invaded the province of the jury." *Id.* at 368.

More recently, in *Bradford*, we reversed the defendant's child molesting conviction where the case manager had testified in relevant part as follows:

> Uh, when we receive a new report, we have to determine whether to substantiate abuse, which means that we believe that abuse and neglect occurred, or we can unsubstantiate it, which means we don't feel that there's enough evidence to say that abuse or neglect occurred. Regarding this report with [A.T.], I substantiated sexual abuse, meaning our office feels that there was enough evidence to conclude that sexual abuse occurred.

4

960 N.E.2d at 875. We held that while the case manager's testimony was not improper vouching testimony, it "constituted an opinion regarding the truth of the allegations, thereby violating Indiana Evidence Rule 704(b)." *Id.* at 876. And we concluded that the trial court's error in permitting that testimony was not harmless. *Id.* at 878; *see also Gutierrez v. State*, 2012 WL 560048 (Ind. Ct. App. Feb. 22, 2012) (concluding that the trial court's admission of the case manager's testimony that she "absolutely" believed the victim violated Evidence Rule 704(b) and amounted to fundamental error).

Likewise, here, Breeden testified that in the course of her job as case manager, she conducted an investigation into the alleged victim's claim against Prosser and prepared a report. In that report, Breeden concluded that the alleged victim's claim was substantiated, which meant that Breeden had found "a certain preponderance of evidence to support that the allegations [were] more likely than not to have had occurred[.]" Tr. p. 168. Indeed, Black's Law Dictionary defines "substantiate" as "[t]o establish the existence or truth of (a fact, etc.), esp[ecially] by competent evidence; to verify." *Black's Law Dictionary* 1443 (7th ed. 1999). Thus, Breeden's testimony that, in her opinion, the truth of the allegations had been "established," invaded the jury's obligation to make that determination, i.e., Breeden's testimony constituted an opinion regarding the truth of the alleged victim's allegations. Further, in his closing argument, the prosecutor referred to the fact that Breeden had conducted an investigation and concluded that the victim's claim was substantiated. Our reasoning and conclusion in *Bradford* apply here, and we hold that Breeden's testimony that she had substantiated the victim's allegations

constituted an opinion regarding the truth of the allegations in violation of Evidence Rule 704(b).

The State advances numerous theories on appeal to support its contention that Breeden's testimony did not violate Evidence Rule 704(b). First, the State asserts that "[c]omments [that] indirectly suggest a favorable view of a child's credibility are admissible." Appellee's Br. p. 6. While that general proposition may be correct, Breeden's testimony does not "indirectly suggest a favorable view" of the victim's testimony. Rather, she explained that a report of abuse is substantiated if she concludes that the evidence "support[s] that the allegations are more likely than not to have had occurred[.]" Tr. p. 168. And Breeden testified that after she had completed her investigation, she concluded that the alleged victim's report was substantiated. As such, this was a direct comment on the child's credibility.

The State next avers that "testimony regarding the course of an investigation is not inadmissible simply because it touches on an ultimate conclusion . . . ." Appellee's Br. p. 7. Again, the State ignores the specificity and scope of Breeden's testimony. Her testimony that the victim's claim was substantiated was more than a comment on the course of an investigation and did not merely "touch[] on an ultimate conclusion"; rather, it stated a conclusion.

The State's third theory is that Breeden's testimony was "relevant to explain the timing of the State's investigation and the reasonableness of that investigation." *Id.* at 8. We simply do not see how Breeden's opinion on the veracity of the victim's testimony

6

explains either the timing or reasonableness of the investigation. This argument is not supported by cogent reasoning.

Fourth, the State asserts that Breeden's testimony "was also necessary to explain the circumstances of Prosser's [inconclusive] polygraph examination." *Id.* We infer from this argument that Prosser's credibility was a significant issue. But that is exactly why Breeden's opinion of the victim's credibility was inadmissible in the first instance.

Fifth, the State claims that "Breeden's testimony did not assert a direct opinion that [the victim] was telling the truth" because Breeden referred to the victim as "the alleged victim" and because of other limitations on the investigation to which Breeden testified. *Id.* The State's argument here does not avoid or overcome the fact that Breeden testified that she had substantiated the victim's claims "by a preponderance of the evidence." Tr. p. 168, 171. This testimony was equivalent to a statement that the alleged victim was telling the truth.

Sixth, the State contends that Prosser waived his appeal by not objecting during the prosecutor's closing argument and that Prosser has likewise waived any review under the doctrine of fundamental error. We note, however, that Prosser timely objected to the admission of the testimony, and we are satisfied that his objection preserved the error for our review. And "it has been clearly established that this Court can recognize fundamental error even though it was not raised at the trial . . . if the error is blatant and appears on the face of the record." *Haggard v. State*, 445 N.E.2d 969, 971 (Ind. 1983). Hence, there is no waiver of the Evidence Rule 704(b) issue on this record.

7

Finally, the State contends that any error in the admission of Breeden's comments was harmless because "the jury acquitted Prosser of one of the charges." Appellee's Br. p. 8. When a trial court abuses its discretion in the admission of evidence, we will reverse only if the error is inconsistent with substantial justice or affects the substantial rights of a party. *See* Ind. Trial Rule 61; *Bradford*, 960 N.E.2d at 877. In viewing the effect on a defendant's substantial rights, we look to the probable impact on the factfinder. *Bradford*, 960 N.E.2d at 877. "'The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction.'" *Id.* (quoting *Lafayette v. State*, 917 N.E.2d 660, 666 (Ind. 2009)). "'Reversal may be compelled if the record as a whole discloses that the erroneously admitted evidence was likely to have had a prejudicial impact on the fact-finder, thereby contributing to the judgment.'" *Id.* (quoting *Ground v. State*, 702 N.E.2d 728, 732 (Ind. Ct. App. 1998)). "'To determine whether the erroneous admission of irrelevant and prejudicial evidence . . . is harmless, we judge whether the jury's verdict was substantially swayed. If the error had substantial influence, or if one is left in grave doubt, the conviction cannot stand.'" *Id.* (quoting *Lafayette*, 917 N.E.2d at 666-67).

We decline to hold that the mixed verdict in this case is evidence of harmless error. As for Prosser's conviction, the State's case turned on the credibility the jury assigned to the victim. There was neither direct nor corroborating evidence in this case, so it was Prosser's word against the victim's. Breeden's testimony, emphasized by the

prosecutor during his closing argument, invaded the jury's right to reach its own conclusion on whom to believe.[2]  In sum, our review of the record as a whole discloses that the erroneously admitted evidence was likely to have had a prejudicial impact on the factfinder, thereby contributing to the judgment.  *See id.*  Accordingly, the error was not harmless.  We therefore reverse Prosser's conviction and remand for a new trial on the Class C felony.

Reversed and remanded.

ROBB, C.J., and BROWN, J., concur.

---

[2] For thoroughness, we note that the State does not suggest that any of the exceptions to Evidence Rule 704 applicable to child molesting cases applies here.  *See Rose*, 846 N.E.2d at 367.