**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 27 2012, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LLOYD E. LYNCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1111-CR-604 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1008-FB-62290

**August 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Lloyd E. Lynch appeals his conviction of Class B felony confinement.[1]  Lynch argues the trial court abused its discretion by permitting R.S. to testify Lynch said he would bury her "with the rest of them."  (Tr. at 277.)  Because any possible error was harmless, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 30, 2010, R.S. was drinking with Lynch at his home in Indianapolis.  Lynch became angry, hit R.S. on the side of her head, and then continued to punch and kick R.S.  Lynch repeatedly threatened R.S., held a knife to her throat, and prevented her from leaving his house.  R.S. tried to escape twice, but each time Lynch chased after her and caught her.  During her second escape attempt, a neighbor saw Lynch dragging R.S. back to his house, so Lynch dropped R.S. and fled.  R.S. left with the neighbor and called the police.  R.S. later identified Lynch, and he was arrested.

Lynch was charged with Class B felony criminal confinement, Class C felony battery,[2] and Class D felony strangulation.[3]  In a pre-trial conference, Lynch objected to the State's intended introduction of R.S.'s testimony that Lynch said to her, "I will bury you in the back with the rest of them."  (*Id.* at 277.)  The trial judge overruled the objection, permitting R.S. to so testify at trial.[4]  Lynch was convicted of Class B felony criminal confinement.[5]

---

[1] Ind. Code § 35-42-3-3.
[2] Ind. Code § 35-42-2-1.
[3] Ind. Code § 35-42-2-9.
[4] The trial court noted Lynch's pre-trial objection, but Lynch did not renew his objection when the testimony was offered at trial.  Normally, a pretrial motion does not preserve an issue for appeal, and the

2

## DISCUSSION AND DECISION

Lynch contends permitting R.S. to testify Lynch said he would bury her "with the rest of them" violated Indiana Evidence Rules 404(b) and 403, and thus should not have been admitted.

Errors in the admission or exclusion of evidence are to be to be disregarded as harmless unless they affect the substantial rights of a party. Ind. Trial Rule 61; *Hardin v. State*, 611 N.E.2d 123, 131 (Ind. 1993). "An error will be found harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." *Fleener v. State*, 656 N.E.2d 1140, 1142 (Ind. 1995).

To convict Lynch, the State had to prove beyond a reasonable doubt that he criminally confined R.S. Indiana Code § 35-42-3-3, in relevant part, provides:

> (a) A person who knowingly or intentionally:
>     (1) confines another person without the other person's consent; or
>     (2) removes another person, by fraud, force, or threat of force, from one (1) place to another; commits criminal confinement . . .
> (b) The offense of criminal confinement defined in subsection (a) is: . . .
>     (2) a class B felony if it:
>         (A) is committed while armed with a deadly weapon;
>         (B) results in serious bodily injury to a person other than the confining or removing person; or

failure to make a contemporaneous object at trial waives the issue for appeal. *Brown v. State*, 783 N.E.2d 1121, 1125 (Ind. 2003). The fundamental error doctrine is an exception to the general rule that the failure to object at trial precludes consideration of an issue on appeal. *Benson v. State,* 763 N.E.2d 748, 755 (Ind. 2002). Lynch cannot show fundamental error because any error was harmless, as discussed *infra*.

[5] All three counts were heard by a jury on July 18, 2011. The jury found Lynch guilty of Class C felony battery and Class D felony strangulation, but the court declared a mistrial on the Class B felony criminal confinement count. The second trial for the count of class B felony criminal confinement was held on October 6, 2011, and is the subject of this appeal.

(C) is committed on an aircraft.

The jury heard voluminous graphic testimony that permitted a conviction under Ind. Code § 35-42-3-3.

During trial, R.S. testified the following facts occurred on the night in question. Lynch threatened her, saying she would "not leave the house alive." (Tr. at 277.) Lynch repeatedly punched her with a closed fist and kicked her throughout the night of the incident. R.S. did not feel like she could leave the house because Lynch had her trapped. R.S. tried to call the police with her cell phone but Lynch jerked the phone out of her hand and threw it in the other room. R.S. tried to escape out the bathroom window, but Lynch broke the locked door and "grabbed me by the hair and drug [*sic*] me back to the kitchen screaming, how dare I try to escape." (*Id.* at 281.)[6]

When R.S. was able, she attempted to run away again and made it out the door, but Lynch caught up to her and dragged her back to the house by her hair. After being dragged to the house, R.S. held on to the railing on the porch as Lynch kept trying to pull her into his house. R.S.'s testimony as to this final fact was confirmed by testimony from a neighbor who witnessed Lynch's attempt to get R.S. back into her house against her will. Officer Englemann testified there was blood throughout the house and R.S. was injured.

---

[6] R.S. testified Lynch held a knife against her neck after her first escape attempt. A knife is a deadly weapon for purposes of Ind. Code § 35-42-3-3(b)(2). *Griesinger v. State*, 699 N.E.2d 279, 283 (Ind. Ct. App. 1998).

4

In light of the overwhelming evidence of Lynch's confinement of R.S., the statement Lynch would bury R.S. "with the rest of them" could not have impacted Lynch's substantial rights. *See Lafayette v. State*, 917 N.E.2d 660, 666 (Ind. 2009) (improper admission of evidence is harmless when the conviction is supported by such substantial independent evidence of guilt that there is no substantial likelihood that the questioned evidence contributed to the conviction). Accordingly, we affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.