**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana



FILED
Nov 21 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES HENLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-404 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-1201-FC-746 and 49G02-0812-PC-281778

**November 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

James Henley appeals his convictions for attempted forgery, as a Class C felony; forgery, as a Class C felony; and theft, as a Class D felony, following a jury trial. Henley presents two issues for review, which we consolidate and restate as whether the trial court committed reversible error when it admitted alleged hearsay evidence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 12, 2011, Henley was released from the Putnamville Correctional Facility. Upon his release he was provided a check issued from the Inmate Trust Fund in the amount of $38.47, which represented the balance in his inmate account at the time of his release. He subsequently moved in with his mother, Mary Mitchell, at 3702 West 10th Street in Indianapolis.

On October 15, 2011, Carousel Checks received an order from its affiliate, CheapCheckStore.com, for three hundred checks for the Putnamville Correctional Facility Inmate Trust Fund account. The order instructed the vendor to bill and deliver the order to James Henley at 3702 West 10th Street in Indianapolis, but the order was charged to a credit card ending in 9055 issued to a cardholder named Mary Mitchell.

Because the billing and shipping address did not match the address to be printed on the checks, Robert Jurgens, a customer service representative at Carousel Checks, attempted to contact Shirley Hughes, a business administrator at the Putnamville Correctional Facility. Before the vendor's personnel could reach Hughes, a male caller phoned the vendor on October 18, inquiring about the status of the order. Subsequently,

Hughes returned the call to Carousel Checks and informed the vendor that she had not authorized the check order at issue. Later that same day, a male caller again phoned Carousel Checks and inquired about the status of the order. Because Hughes had not authorized the order for the checks, Carousel Checks cancelled the order.

In late October, Detective Jeffrey Thomas with the Indianapolis Metropolitan Police Department ("IMPD") received a report from the Department of Correction about the unauthorized check order. In the course of his investigation, he executed a search warrant on the home Henley shared with his mother and brother. In a bedroom Henley shared with his brother, officers found checkbooks with Mary Mitchell's name on them and a debit card and a credit card issued in her name. One of the cards had an account number that ended in 9055. Mitchell had ordered the checks, credit card, and debit card, but did not know they had been delivered and had not given Henley permission to use them. Also in Henley's bedroom, on top of his dresser, Detective Thomas found a "to do" list that listed in part "Order Copy of DOC checks." Exhibits at 11. He also found two cell phones, one of which contained a contact listing for ashleyhenley22@gmail.com, which was the email contact given in the check order to Carousel Checks.

The State charged Henley with Class C felony attempted forgery ("Count 1"), Class C felony forgery ("Count 2"), two counts of Class D felony theft ("Counts 3 and 5"), and Class D felony attempted fraud ("Count 4"). The State later added an habitual offender count. After the jury found Henley guilty on all charges, Henley admitted to being an habitual offender. The trial court entered judgment of conviction on Counts 1

3

(attempted forgery), 2 (forgery), and 5 (theft) and sentenced Henley to an aggregate term of eight and one-half years, including the habitual offender enhancement. Henley now appeals.

## DISCUSSION AND DECISION

Henley contends that the trial court committed reversible error when it admitted alleged hearsay testimony at trial. We review a trial court's admission of evidence for an abuse of discretion. Granger v. State, 946 N.E.2d 1209, 1213 (Ind. Ct. App. 2011) (citing Camm v. State, 908 N.E.2d 215, 225 (Ind. 2009)). We reverse the trial court's decision only when it is clearly against the logic and effect of the facts and circumstances before the court. Id. (citing Joyner v. State, 678 N.E.2d 386, 390 (Ind. 1997)). Even if the trial court abused its discretion in admitting evidence, we leave the judgment undisturbed if that decision is harmless error. Id. (citing Fox v. State, 717 N.E.2d 957, 966 (Ind. Ct. App. 1999), trans. denied). "Harmless error occurs 'when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction.'" Id. (quoting Lafayette v. State, 917 N.E.2d 660, 666 (Ind. 2009)). Thus, we reverse "only if the record as a whole discloses that the erroneously admitted evidence was likely to have had a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict." Id. (internal quotation marks and citation omitted).

Here, Henley first contends that the trial court abused its discretion when it admitted allegedly hearsay testimony from Hughes about a $500 transfer from the Inmate Trust Fund to a Capital One credit card issued in Henley's name. But the trial court did

4

not enter judgment of conviction on count 3, theft, which was the only count based on the actual transfer of funds from the Inmate Trust Fund. The remaining counts all pertain to the unauthorized check order and use of Mitchell's credit card. Thus, Henley's claim with regard to Hughes' testimony, which dealt only with count 3, is misplaced. Henley has not shown that the trial court abused its discretion when it admitted Hughes' testimony concerning the $500 transfer.

Henley also contends that the trial court abused its discretion when it admitted allegedly hearsay evidence through Detective Thomas about contacts the officer saw listed on a cell phone taken from Henley's bedroom. Even if we do not consider that evidence, there is substantial independent evidence of Henley's guilt. Specifically, a couple of weeks after Henley was discharged from Putnamville Correctional Facility and had received a check from its Inmate Trust Fund, Carousel Checks received an order for three hundred checks for the Putnamville Correctional Facility Inmate Trust Fund account. The order instructed the vendor to bill and deliver the order to James Henley at 3702 West 10th Street in Indianapolis, Henley's address with his mother, but the order was charged to a credit card ending in 9055 to a cardholder named Mary Mitchell, Henley's mother. At the time the order was placed, Henley was living with Mitchell. When officers executed a search warrant on Henley's address, they found in Henley's bedroom a checkbook and credit cards that Mitchell had ordered but had never seen. One of the credit cards matched the number on the check order, and Mitchell had not given Henley permission to use her credit card. Hughes, a business administrator at the correctional facility, had not authorized the check order.

There is substantial independent evidence of Henley's guilt apart from the testimony from Detective Thomas that Henley alleges to be hearsay. See Granger, 946 N.E.2d at 1213. Therefore, the admission of the testimony complained of is harmless error, if any. See id. As such, we affirm his convictions.

Affirmed.

KIRSCH, J., and MAY, J., concur.