# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2018, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Thomas A. Whitsitt
Alexander S. Kruse
Whitsitt Nooning & Kruse, P.C.
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald M. Marshall,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 26, 2018<br><br>Court of Appeals Case No.<br>18A-CR-843<br><br>Appeal from the Boone Superior Court<br><br>The Honorable Matthew C. Kincaid, Judge<br><br>Trial Court Cause No.<br>06D01-1703-F5-232 |

**Najam, Judge.**

# Statement of the Case

Ronald M. Marshall appeals his convictions for three counts of child exploitation, as Level 5 felonies, and two counts of voyeurism, as Level 6 felonies, following a jury trial. Marshall presents the following consolidated and restated issues for our review:

1. Whether the trial court abused its discretion when it admitted evidence of his prior bad acts.

2. Whether he was denied the effective assistance of trial counsel.

We affirm.

# Facts and Procedural History

On February 19, 2017, Marshall's eleven-year-old granddaughter F.M. and her friend were visiting at Marshall's house in Lebanon. At some point in the evening, F.M. texted her mother, Heather Marshall, to report that Marshall "was being sexually inappropriate in front of her and her friend," and F.M. wanted Heather "to come get her right away." Tr. Vol. 2 at 242. When Heather arrived at Marshall's house, she checked the footage from a surveillance camera Marshall had set up to monitor the backyard, which is where F.M. had stated that the inappropriate behavior had occurred. After watching the footage, which showed Marshall exposing himself and masturbating in front of F.M. and her friend, Heather called the police.

[4] Officers with the Lebanon Police Department arrived at Marshall's house to investigate. Lieutenant Rich Mount called Detective Tony Bayles and conveyed the results of his initial investigation, which led Detective Bayles to apply for and obtain a search warrant "to search for computer[s], cell phones, cameras or other such devices capable of storing photographs, video or other digital media." Appellant's App. Vol. 2 at 16. During the search of Marshall's house, Detective Bayles found a micro SD card. When he looked at the digital files on that SD card a few days later, he found five videos. Two of the videos depicted Marshall's then twelve-year-old granddaughter A.R. naked and entering and exiting the shower in Marshall's bathroom. One video depicted A.R. naked in a guest bedroom in Marshall's house. One video depicted an adult female using the toilet in Marshall's bathroom. And the final video depicted Marshall entering his bathroom and holding a remote-control device for a hidden camera in the bathroom.

[5] After seeing the videos, Detective Bayles obtained a second search warrant for Marshall's home "to search for covert devices" such as "cameras that were maybe disguised as other items or hidden cameras." Tr. Vol. 2 at 166. When he executed that warrant, Detective Bayles found: two digital clocks with pinhole cameras and SD card slots in them; a clock radio with a pinhole camera and SD card slot in it; and two remotes for the cameras. A subsequent search of Marshall's cell phone revealed that he had run a search on the internet for "nude teens." Tr. Vol. 5 at 221.

[6] The State charged Marshall with three counts of child exploitation, as Level 5 felonies; three counts of possession of child pornography, Level 6 felonies; and two counts of voyeurism, as Level 6 felonies. Each of the charges related to one of the three videos of A.R. in a state of undress.[1] Prior to trial, the State filed a notice of intent to file evidence of two of Marshall's prior bad acts under Trial Rule 404(b), namely, that Marshall had surreptitiously made a video depicting a woman using the toilet in his bathroom and that Marshall had masturbated in front of two young girls. Marshall filed a motion *in limine* to prohibit the State from introducing the following evidence: testimony regarding VHS tapes depicting child pornography allegedly in Marshall's possession; the video of the woman using his bathroom; and the internet search for "nude teens" found on his cell phone. Following a hearing, the State agreed not to present evidence regarding Marshall's masturbating in front of the two young girls unless Marshall introduced evidence of contrary intent relevant to the charges filed. And the trial court ruled that the State could introduce into evidence the video of the woman using the toilet in his bathroom, but the court prohibited the State from introducing evidence of the VHS tapes or the internet search for "nude teens."

[7] During the jury trial, the State introduced into evidence over Marshall's objection the video of the woman using the toilet in his bathroom. And during cross-examination of Detective Bayles, Marshall asked him whether, in

---

[1] Under a separate cause number, the State charged Marshall with child solicitation and two counts of performing sexual conduct in the presence of a minor for masturbating in front of F.M. and her friend.

addition to taking "covert pictures of people," the covert cameras could also be used for security purposes. Tr. Vol. 2 at 184. On the State's ensuing motion, the trial court ruled that, by eliciting testimony supporting a notion of contrary intent by Marshall, Marshall had opened the door to the evidence that he had masturbated in front of F.M. and her friend, which had led to the first search warrant, and that he had searched for "nude teens" on his cell phone.

[8] The jury found Marshall guilty as charged. But the trial court entered judgment of conviction only on three counts of child exploitation, as Level 5 felonies, and two counts of voyeurism, as Level 6 felonies, all related to the videos of A.R. The court imposed an aggregate sentence of eight years, with five years executed and three years suspended. This appeal ensued.

# Discussion and Decision

## *Issue One: Admission of Evidence*

[9] Marshall first contends that the trial court abused its discretion when it admitted certain evidence. As the Indiana Supreme Court has stated:

> Generally, a trial court's ruling on the admission of evidence is accorded "a great deal of deference" on appeal. *Tynes v. State*, 650 N.E.2d 685, 687 (Ind. 1995). "Because the trial court is best able to weigh the evidence and assess witness credibility, we review its rulings on admissibility for abuse of discretion" and only reverse "if a ruling is 'clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights.'" *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014) (quoting *Clark v. State*, 994 N.E.2d 252, 260 (Ind.2013)).

*Hall v. State*, 36 N.E.3d 459, 466 (Ind. 2015).

[10]     Indiana Evidence Rule 404(b) provides in relevant part that evidence of a prior crime or other act is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But such evidence may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* The standard for assessing the admissibility of Rule 404(b) evidence is: (1) the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Bishop v. State*, 40 N.E.3d 935, 951 (Ind. Ct. App. 2015), *trans. denied*.

[11]     Indiana Evidence Rule 403 states that a trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." The Indiana Supreme Court has explained the trial court's broad discretion to apply Rule 403:

> "Trial judges are called trial judges for a reason. The reason is that they conduct trials. Admitting or excluding evidence is what they do." *United States v. Hall*, 858 F.3d 254, 288 (4th Cir. 2017) (Wilkinson, J., dissenting). That's why trial judges have discretion in making evidentiary decisions. This discretion means that, in many cases, trial judges have options. They can admit or exclude evidence, and we won't meddle with that decision on appeal. *See Smoote v. State*, 708 N.E.2d 1, 3 (Ind. 1999). There are good reasons for this. "Our instincts are less practiced than those of the trial bench and our sense for the

rhythms of a trial less sure." *Hall*, 858 F.3d at 289. And trial courts are far better at weighing evidence and assessing witness credibility. *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014). In sum, our vantage point—in a "far corner of the upper deck"— does not provide as clear a view. *State v. Keck*, 4 N.E.3d 1180, 1185 (Ind. 2014).

\* \* \*

The unfair prejudice from [the challenged evidence] . . . was not so high that it overrode the trial court's wide discretion. *See Dunlap[ v. State]*, 761 N.E.2d [837, 842 (Ind. 2002)]. We thus decline to second-guess the trial court's determination that the [evidence's] relevance . . . was not substantially outweighed by the danger of unfair prejudice. The trial court could have admitted or excluded the [evidence]. The trial court chose admission. . . .

*Snow v. State*, 77 N.E.3d 173, 177, 179 (Ind. 2017).

### Video of Woman Using Toilet

[12]     Marshall first contends that the trial court abused its discretion when it admitted into evidence over his objection the video of an unidentified woman in a state of undress using the toilet in his bathroom. Marshall maintains that the video was not relevant to the charged offenses and that, even if it were relevant, the prejudice substantially outweighed any relevance. At the hearing on the motion *in limine*, the State argued that the video was admissible under

Rule 404(B) to prove absence of mistake, lack of accident, plan, and knowledge.[2]

We agree with the State that the challenged video was admissible to prove absence of mistake. Initially, we note that "[u]se of 'absence of mistake or accident' evidence does not require the defendant to assert a specific contrary intent because the evidence often goes to other relevant matters, as well, such as motive or relationship between the defendant and the victim." 12 Robert Lowell Miller, Jr., Indiana Practice: Indiana Evidence § 404.229 (4th ed. Supp. Aug. 2018).

Here, the video in question showed a woman in a state of undress using the toilet in Marshall's bathroom, and the video was found on the same SD card as the video that depicted A.R. naked in the same bathroom. Both videos used the same hidden camera operated by remote control. Because both videos were obtained using a hidden camera and depict people in a state of undress, the video of the woman using the toilet tends to prove an absence of mistake. That is, it tends to prove that Marshall was not accidentally recording people in a state of undress in his bathroom, but that he was purposely seeking to obtain such videos. *See, e.g.*, *Nicholson v. State*, 963 N.E.2d 1096, 1100 (Ind. 2012) (holding prior instance of stalking against same victims admissible to show absence of mistake, specifically, that defendant was not dialing a random phone

---

[2] Because the State proffered this evidence before Marshall opened the door to permit evidence relevant to his intent, the intent exception to the prohibition against evidence of prior bad acts does not apply here.

number).  And, given that the challenged video featured an adult woman in a state of undress rather than a child, we cannot say that the unfair prejudice to Marshall was so high that it overrode the trial court's wide discretion.  *See Snow*, 77 N.E.3d at 179.  We hold the trial court did not abuse its discretion when it admitted the video into evidence.

*Video of Marshall Masturbating in Front of Two Young Girls*
*and Internet Search for "Nude Teens"*

Marshall next contends that the trial court abused its discretion when it found that he had opened the door to permit evidence relevant to the issue of his intent.  The intent exception to Evidence Rule 404(b) is available only when a defendant goes beyond merely denying the charged culpability and alleges a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation in defendant's own case-in-chief.  *Lafayette v. State*, 917 N.E.2d 660, 663 (Ind. 2009); *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind. 1993).  The State can respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense.  *Id.*  The trial court must then conduct an Evidence Rule 403 analysis to determine if the "probative value [of the evidence of prior bad acts] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."  *Id.*

Here, during cross-examination of Detective Bayles, defense counsel asked whether the hidden cameras Marshall had around the house had been a part of

"fun time" with his kids when they were little, where they would try to find the hidden cameras in the house. Tr. Vol. II at 184. Defense counsel also asked Detective Bayles whether the hidden cameras could be used "for security." *Id.* Detective Bayles answered in the affirmative to both questions. Because those questions elicited testimony from Detective Bayles that suggested the surreptitiously placed cameras were actually placed with innocent intent, we agree with the State that Marshall asserted a particular contrary intent and opened the door to Rule 404(b) evidence relevant to his intent.

[17] Thus, we turn to whether the trial court abused its discretion when it weighed the value of that evidence under Rule 403. Again, we will not second-guess the trial court's determination that the evidence's relevance was not substantially outweighed by the danger of unfair prejudice. *Snow*, 77 N.E.3d at 179. On that question, we cannot say the trial court erred when it concluded that the relevance of the challenged evidence was not substantially outweighed by the prejudice to Marshall. Contrary to Marshall's suggestion that he had made videos of A.R. in a state of undress without any intent to arouse his sexual desires, *see* Ind. Code § 35-42-4-4(b) (2016), the evidence that he had masturbated in front of F.M. and her friend and that he had searched the internet for "nude teens" is highly probative of his intent and ultimately his guilt. The trial court did not abuse its discretion when it admitted the challenged evidence at trial.

## *Issue Two: Ineffective Assistance of Counsel*

[18]    Marshall also contends that he received ineffective assistance from his trial

counsel.

> When evaluating an ineffective assistance of counsel claim, we
> apply the two-part test articulated in *Strickland v. Washington*, 466
> U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Helton v.*
> *State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first
> prong, "the defendant must show deficient performance:
> representation that fell below an objective standard of
> reasonableness, committing errors so serious that the defendant
> did not have the 'counsel' guaranteed by the Sixth Amendment."
> *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing
> *Strickland*, 466 U.S. at 687-88, 104 S. Ct. 2052). To satisfy the
> second prong, "the defendant must show prejudice: a reasonable
> probability (i.e. a probability sufficient to undermine confidence
> in the outcome) that, but for counsel's errors, the result of the
> proceeding would have been different." *Id.* (citing *Strickland*, 466
> U.S. at 694, 104 S. Ct. 2052).

*Id.* at 274.

> There is a strong presumption that counsel rendered adequate
> assistance and made all significant decisions in the exercise of
> reasonable professional judgment. Counsel is afforded
> considerable discretion in choosing strategy and tactics, and these
> decisions are entitled to deferential review. Isolated mistakes,
> poor strategy, inexperience, and instances of bad judgment do
> not necessarily render representation ineffective.

*Stevens v. State*, 770 N.E.2d 739, 746-47 (Ind. 2002) (citations omitted). The two

prongs of the *Strickland* test are separate and independent inquiries. *Williams v.*

*State*, 706 N.E.2d 149, 154 (Ind. 1999). "Thus, '[i]f it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *Id.* (quoting *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).

[19] Marshall alleges that his trial counsel's representation was deficient in several respects, namely, when he:  did not file a motion *in limine* with respect to the evidence that he masturbated in front of F.M. and her friend; elicited testimony from Detective Bayles about other uses for the cameras, thus opening the door to the other evidence of prior bad acts; did not "preemptively ask for a limiting instruction" with respect to the video of the woman using the toilet when the court asked him about it at a pretrial hearing; did not ask for limiting instructions with respect to certain evidence introduced at trial; and did not make a hearsay objection when Heather testified about F.M.'s text to her the night of his arrest.  We address each contention in turn.

*Motion in Limine*

[20] Marshall contends that his trial counsel should have included in his motion *in limine* the evidence that he had masturbated in front of F.M. and her friend. But Marshall cannot show that he was prejudiced by this decision because, during the pretrial hearing addressing the State's notice to introduce Rule 404(b) evidence, the trial court ruled that that evidence would not be allowed unless Marshall opened the door to the issue of intent.  Further, his trial counsel objected to that evidence at trial.  Accordingly, Marshall was not denied the effective assistance of trial counsel in this respect.

*Cross-examination of Detective Bayles*

[21]     Marshall contends that his trial counsel should not have elicited testimony from Detective Bayles that opened the door to Rule 404(b) evidence relevant to Marshall's intent. And Marshall maintains that the prejudice to him was obvious, in that it led to the admission of the evidence of his masturbating in front of F.M. and her friend and his internet search for "nude teens." But the State describes trial counsel's cross-examination of Detective Bayles as "a strategic calculation that ultimately failed." Appellee's Br. at 25. In particular, the State asserts that the suggestion of innocuous uses for the cameras was necessary "to provide or suggest an alternative explanation for why covert cameras were secretly filming people in Marshall's home." *Id.*

[22]     The choice of defense theory is a matter of trial strategy. *Benefield v. State*, 945 N.E.2d 791, 799 (Ind. Ct. App. 2011). Counsel is given "'significant deference in choosing a strategy which, at the time and under the circumstances, he or she deems best.'" *Id.* (quoting *Potter v. State*, 684 N.E.2d 1127, 1133 (Ind. 1997)). "'A reviewing court will not second-guess the propriety of trial counsel's tactics.'" *Id.* (quoting *Davidson v. State*, 763 N.E.2d 441, 446 (Ind. 2002)). "'[T]rial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside of the objective standard of reasonableness.'" *Id.* (quoting *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998)). "'This is so even when such choices may be subject to criticism or the choice ultimately prove[s] detrimental to the defendant.'" *Id.* (quoting *Autrey*, 700 N.E.2d at 1141).

[23] We agree with the State that trial counsel's cross-examination of Detective Bayles eliciting testimony that the hidden cameras could be used for innocuous purposes was a reasonable trial strategy, even though that strategy ultimately proved detrimental to Marshall. *See id.* Marshall could offer no other explanation for why he had the videos of A.R. in a state of undress. Accordingly, we cannot say Marshall was denied the effective assistance of trial counsel in this respect.

*Limiting Instructions*

[24] Marshall contends that his trial counsel's performance was deficient when, during a pretrial hearing, he did not "preemptively" ask for a limiting instruction on the video of the woman using the toilet and when, during trial, he did not ask for limiting instructions on the evidence regarding his masturbating in front of F.M. and her friend and regarding his internet search for "nude teens." But, as this court has observed, "admonishments are double-edged swords. On the one hand, they can help focus the jury on the proper considerations for admitted evidence. However, on the other hand, they can draw unnecessary attention to unfavorable aspects of the evidence." *Merritt v. State*, 99 N.E.3d 706, 710 (Ind. Ct. App. 2018), *trans. denied*. Accordingly, we cannot say that trial counsel's choice to not seek limiting instructions was an unreasonable strategy. And, in any event, the trial court gave a limiting instruction for the evidence that Marshall masturbated in front of the girls and the internet search. Marshall cannot show that he was denied the effective assistance of counsel on this basis.

*Alleged Hearsay*

[25] Finally, Marshall contends that his trial counsel's performance was deficient when he did not object to Heather's testimony regarding F.M.'s text message to her stating that Marshall "was being sexually inappropriate in front of her and her friend" and that F.M. wanted Heather "to come get her right away." Tr. Vol. 2 at 242. Marshall maintains that that testimony was inadmissible hearsay. However, as the State correctly points out, that testimony was admissible as an exception to the hearsay rule as a "present sense impression." Ind. Evidence Rule 803(1). Thus, Marshall cannot show that his trial counsel's assistance was ineffective on this basis.

[26] Affirmed.


Crone, J., and Pyle, J., concur.